MARIA T. HEYWARD, Executrix, &c., Plaintiff in Error, *vs.* HENRY B. JUDD, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The second section of the Act of March 10, 1860, amending the act of July 29, 1858, regulating the foreclosure of real estate, so as to allow the mortgagor or his successor in interest, the right to remain in possession after foreclosure during the time of redemption, by paying at the end of each year interest on the purchase money at seven per cent. per annum, and all taxes, etc., (instead of paying interest in advance, at twelve per cent., as required by the act of 1858,) does not affect the obligations of a mortgage executed under the act of 1858, and before the amendment was passed. It merely regulates the relations between the mortgagor and the purchaser, after the contract has been carried into effect according to the course of judicial proceedings, or after the power of sale has been exercised according to the Statute. And this, whether the purchaser be the mortgagee, or an entire stranger.

The law of the remedy does not enter into, or become a part of a contract, and only such laws enter into and become a part of the contract, as would be enforced by the courts of a foreign jurisdiction. An act of the Legislature does not become one of the conditions stipulated by the parties to a contract, nor does it act externally on the agreement, unless it have the full force of law wherever the contract is sought to be enforced. The Legislature may change the law of the remedy at discretion, provided the obligation of the contract is not thereby impaired, but the mere fact that the new remedy is less convenient than the old one, or renders the recovery of debts more tardy or difficult, does not of itself render it unconstitutional. And as every presumption is in favor of the remedial Statute, the fraud upon the constitutional restriction against impairing the obligation of contracts must clearly appear, or the law will be vindicated.

Where the mortgagor, in order to secure the indebtedness named in the mortgage, executes a valid power of sale, the Legislature cannot interfere with the exercise of that power, under the Statute, so as to change the estate which the trustee is authorized to sell. Such a change would impair the obligation of the contract. But when the mortgagee does not resort to the power of sale, but applies to the Court for a sale of the property under a decree of foreclosure, he must take the remedy as he finds it at the time of his application.

Per ATWATER, J. The act of March 10, 1860, providing that the purchaser of any real estate, at mortgage sale by advertisement or otherwise, shall hold the same subject to the right of the mortgagor or judgment creditor to redeem the same at any time within three years, impairs the obligation of a mortgage contract, executed prior to the passage of that law, and containing a power of sale. The mortgagor in such a contract expressly adopted the law then in force, by making it a part of his contract: and the effect of the amendment is to lessen the value of the security, by as much as it has extended the reversionary interest in the mortgagor. But when the mortgagee applies to a Court of Chancery for a foreclosure of his mortgage, he abandons the power of sale contained therein, and submits his case to a Court of Equity for such relief as to that Court may seem just. If the Court decree a sale, the purchaser thereunder will hold the property subject to the rights and liabilities of parties as defined by the law in force at the time the sale is made.

The Court has the power to decree a strict foreclosure of a mortgage, without sale, and hold the mortgagor to the strict terms of his conveyance, if the condition be broken, or to impose such terms as may be in accordance with equity and good conscience.

Per FLANDRAU, J. The act of 1860, allowing three years' time to redeem after sale, cannot apply to sales made under powers such as are usually inserted in mortgages of real estate, which were executed prior to its passage, while it may apply to sales made by order of a Court of Equity under mortgages executed before it took effect.

This action was brought by the Defendant in error to recover the possession of certain real estate in the County of Ramsey, under *Sec.* 12, *et seq.*, *Chap.* 77, *p.* 649, *Stat. of Minn.*, before F. F. Strother, Esq., a Justice of the Peace for Ramsey County.

The complaint set forth, substantially, the following facts :

The execution and delivery of a mortgage by James F. Heyward, (deceased,) and Maria T. his wife, upon certain real estate in Ramsey County, to secure an indebtedness of $4,000 and interest, and conditioned, in case of default, for a foreclosure thereof according to the statute in such case made and provided, under a power of sale therein contained. The mortgage was dated the fifth day of November, 1858, and filed for record in the office of the Register of Deeds of Ramsey County, on the 29th day of December, 1858. That default was made in the payment of the debt secured by the mortgage, on the 5th day of January, 1860. That by virtue of the power of sale in the mortgage contained, and of the statute in such case provided, *to wit, the statute referred to in said mortgage,* the same had been duly foreclosed by advertisement (the complaint containing a full recital of all the proceedings necessary under a statutory foreclosure) and the property sold on the 8th day of August, 1860, to the Plaintiff, (who was the assignee of the mortgagee,) for the amount of his bid, to wit, the amount then actually due on the notes and mortgage, and expenses of sale. That the Sheriff had delivered him a certificate of the sale, (the contents of which are recited in the complaint,) and filed a duplicate, with proofs, etc., in the office of the Register of Deeds, within the time required by law. That the said certificate, among other things, recited, that he, the Plaintiff, would be entitled to a deed, etc., within one year, etc., unless the property was redeemed. That no redemption had been made, and no part of the purchase money, or interest, upon the amount of the Plaintiff's bid, had been paid. Under these facts the Plaintiff claimed the right of possession of the premises, and the complaint contains allegations showing a written demand thereof from, and refusal by the Defendant, (who is Executrix of the mortgagor,) to quit possession, with the other allegations necessary to give the Justice jurisdiction under the act relating to unlawful detainer, before referred to. Process was issued, and the Defendant appeared by attorney and interposed a demurrer, which admits (by implication) all the facts stated in the complaint, but states that those facts do not constitute a cause of action against the Defendant : in that—

*First.*—It does not appear that the term of three years has expired since the sale of the premises under the foreclosure, during which term of three years the Defendant has a right to redeem, and is entitled to possession.

*Second.*—It does not appear that the term of one year has expired since the sale of the premises under the foreclosure, and that consequently the Defendant has not broken the condition under which the law allows her the possession of said premises for three years after sale.

*Third.*—It appears that said sale was made on the 8th day of August, 1860, and that the time has not yet expired when the Plaintiff is entitled to possession under "*An Act to regulate the foreclosure of Real Estate*," approved March 10th, 1860.

The Justice overruled the demurrer, and gave judgment for a restitution of the premises described in the mortgage. The judgment of the Justice was affirmed by the District Court, upon Certiorari, and the cause comes here upon Writ of Error.

No other errors were assigned in the affidavit upon which the Writ of Certiorari was issued in the Court below, except the judgment of the Justice overruling the demurrer; and the affirmance of that judgment is the only error complained of in this Court. The regularity of the proceedings upon the foreclosure, etc., is not questioned; and the only issue for the Court is, whether or not "*an act to regulate the foreclosure of Real Estate*," approved March 10th, 1860, applies to a mortgage dated and recorded in the month of November, 1858,—so far as the right of possession to the mortgaged premises is concerned. The Plaintiff in Error claiming to remain in possession under the provisions of that act, and the Defendant in Error insisting that he is entitled to immediate possession under the law of the State regulating foreclosures, in force at the date of the execution of the mortgage. *Stat. of Minn. p. 646, Chap.* 75.

Points and authorities of Plaintiff in Error:

The court below erred in affirming the judgment of the Justice in overruling the demurrer for reasons that—

*First.—Chapter* 87 *of Laws of* 1859–60, giving to mortgagors the right to redeem premises sold under foreclosure, within three years from date of sale, and to possession thereof under certain conditions is remedial only, and does not impair the obligation of contracts, and was intended to and does, affect past contracts as well as future. *Vide Grimes vs. Bryne,* 2 *Minn. Rep., page* 89, *and cases there cited ; Smith on Statutes and Construction, pages* 330, 408 *and* 550, *and cases there cited ; Butler vs. Palmer,* 1 *Hill.* 325 ; *Satterlee vs. Mathewson,* 2 *Peters* 359 ; *Sturges vs. Crowningshield,* 4 *Wheaton* 200.

*Second.—*The law in force at the time of the execution of the mortgage provided that the mortgagor, etc., should have one year in which to redeem the property, and should have possession thereof during that period upon certain conditions; as amended by act of 1860, it merely extends the period during which the property may be redeemed to three years, and slightly varies the conditions under which the mortgagor may retain possession. It reduces the interest to be paid, but burdens the mortgagor with the additional payment of all taxes, etc. The mortgagor can remain in possession but one year, unless the conditions are complied with, and in the event of the mortgagor so remaining, and the mortgagee having a separate claim against him for the interest and taxes accrued during the year, the change of the condition from a precedent one in law of 1858, to a subsequent one in the law of 1860, cannot be construed as impairing the obligation. *Vide Chap.* 61, *Laws of* 1857–58, *and Chap.* 87, *Laws of* 1859–60.

Points and authorities of Defendant in Error :

*First.—*That the mortgagee, in entering into the contract, made the statute then in force (the act of July, 1858, above referred to) upon the subject of foreclosure and the right of redemption, a part and parcel of the contract, not only by implication, but by its express terms. *See Complaint.*

And that the provisions of that act, so adopted, materially affect his rights under the contract, as well as the remedies by which they were to be obtained, in cases of default. *Bronson vs. Kinzie,* 1 *How.* 311 ; *McCracken vs. Heyward,* 2 *Id.* 608 ;

*Mundy vs. Monroe,* 1 *Manning's Mich. Rep.* 68; *Grimes vs. Bryne,* 2 *Minn.* 89.

*Second.*—That the law of March 10th, 1860, regulating the foreclosure of real estate, so far as it changes the provisions of the law of 1858, in regard to the rights of possession and redemption by a mortgagor after foreclosure, has no relation to, and cannot affect the rights of parties to a mortgage dated anterior to the passage of that act.   That the application of that act to the rights of the Defendant in Error, would infringe on his rights under the contract, and not merely operate upon his remedies therein; and that such an application would impair the obligation of the contract, and would be contrary to the express provisions of the Constitution of the United States.   *Grimes vs. Bryne,* 2 *Minn.* 89, *and cases there cited and reviewed.*

WM. SPRIGG HALL, Counsel for Plaintiff in Error.

VAN ETTEN & OFFICER, Counsel for Defendants in Error.

*By the Court.*—EMMETT, C. J.   In November, A. D. 1858, James F. Heyward and wife gave a mortgage on certain real estate in the county of Ramsey, to Henry B. Judd, to secure the payment of $4,000.00 and interest.   This mortgage contained a power authorizing the mortgagee, in case of default, to sell the mortgaged property, at public sale, " according to the statute in such case made and provided," and apply the proceeds in discharge of the debt thus secured.   In August A. D. 1860, default having been made, the mortgagee foreclosed by advertisement in pursuance of the power, and became the purchaser at the sale.   In September following, he formally demanded possession of the premises purchased, and being refused, commenced this action before a Justice of the Peace of the proper county, to recover possession.   The action is brought against the executrix of the mortgagor, who was then in possession.   The complaint sets up all the facts in detail. The Defendant below demurred, on the ground that the facts stated did not constitute a cause of action.   The Justice overruled the demurrer, and gave the Plaintiff judgment of resti-

tution. The District Court upon certiorari affirmed this judgment, and the Defendant thereupon sued out of this court a writ of error.

No objection is made to the regularity of the sale, or of the proceedings taken to give the Justice jurisdiction, and the only question really material to the decision of this case, is as to which party was entitled to the possession at the time the action was commenced.

By the law of July 29, 1858, in force at the time this mortgage was executed, the purchaser, upon a sale of mortgaged property by order of the court, or in pursuance of a power given for that purpose, took the property subject to the right of the mortgagor, or other redemptioner, to redeem the same at any time within one year, (or such other time as may be prescribed by law) by repaying the purchase money with interest, at the rate of twelve per cent. per annum, but the mortgagor was not entitled to the possession, during the time allowed for redemption, except upon the condition of paying this interest.

After the mortgage was given, but before the mortgagee attempted to execute the power of sale contained therein, the Legislature, by an act approved March, 10, 1860, amended the law of July 29, 1858, by changing the time of redemption from one year to three years, and reducing the rate of interest from twelve per cent. to seven per cent. per annum. The second section of the law of 1858 was also so amended as to give to the mortgagor, or his successor in interest, the right to remain in possession during the time of redemption, by paying at the end of each year interest on the purchase money, at the rate of seven per cent. per annum, and all taxes which may then be due upon the property, with a provision that if the interest and taxes are not so paid, the right so to retain possession longer, shall be forfeited.

In the case of *Stone vs. Bassett, decided at the July term,* 1860, *ante p.* 298, this court held that the payment of interest provided for, by the act of July 29, 1858, must be made in advance, to entitle the mortgagor to remain in possession, and that the terms of that act applied to a mortgage made prior to its passage, although at the time the mortgage in that case was executed, the mortgagor, after a sale by order of the court,

would have had the right to redeem by paying the necessary sum, with interest at ten per cent. only, per annum, and might have retained possession during the time allowed for redemption, without paying the interest in advance.

To regulate the terms upon which possession may be held, during the time for redeeming, does not in our opinion interfere either with the obligation of the mortgage contract, or with the nature of the estate authorized to be sold under a power to sell, where the sale can only be made subject to the right to redeem, and if, as we held in the case of *Stone vs. Bassett*, before referred to, the legislature may make the terms more onerous to the mortgagor, than they were at the time he executed the mortgage, certainly the purchaser should not be exempted from the application of the same rule, where the change made is unfavorable to him. His rights depend wholly on his contract of purchase, and it is difficult to see why he should not be governed, at least in this respect, by the law in force, at the time his contract is made. Nor can we think it makes any difference whether the purchaser be the mortgagee or creditor, or an entire stranger.

We think the decision in *Stone vs. Bassett* disposes of this case, and that it could make no difference in the decision, whether the Legislature could extend the time of redemption, and reduce the rate of interest, so as to affect past contracts, or not. We may, for the purposes of this case, strike out the first section of the act of March 10, 1860, and yet, as the second section, which relates merely to the terms upon which the possession may be held, while the title under the purchase is maturing, would still remain, the mortgagor would have the right to remain in possession one year, without paying the interest in advance, whether the time for redemption was according to the old law or the new.

The second section certainly does not affect the contract, and can hardly be said to affect the remedy; for it merely regulates the relations between the mortgagor or debtor and the purchaser, after the contract has been carried into effect according to the course of judicial proceedings, or after the power of sale has been exercised according to the statute.

We are therefore of opinion that this action was premature,

and that the judgment of the District Court affirming the judgment of the Justice of the Peace, should be reversed.

This case was not argued orally, and from the statements made at the time counsel submitted their briefs, we were led to believe that the main question involved was the constitutionality of the redemption law, so called, of March 10, 1860, in its application to a sale made upon a mortgage given previous to the passage of the law. We have seen, however, that the case is necessarily disposed of without reaching that question. Yet, as the question is one of great public interest, and has been elaborately argued in this, and the case of *Dana et al. vs. Farrington*, heard at this term, but which was decided on other grounds, we deem it necessary, after a careful examination of the authorities, to state the general conclusions to which we have arrived, but without entering at length into the reasons which led to them.

We are fully aware that the weight of a decision as authority is sometimes impaired by determining questions not necessary to the decision of the case, and that the positive authority of any decision is co-extensive only with facts upon which it is founded, yet as we have authority to decide any question fairly submitted, and it is of vital importance to the people of this State that our views on this question should be known, we shall not hesitate to give them. And we have the less hesitation in view of the fact that the court in the cases of *Bronson vs. Kenzie*, 1 *How.* 311; *and McCracken vs. Heyward*, 2 *How.* 608, (cited as leading cases on the question), in like manner gave their views notwithstanding it was not necessary to the decision of the cases before them.

Having already said that we discover no valid objection to the second section of the act of March 10, 1860, it will be necessary to consider only section one, or that by which the time of redemption is extended and the rate of interest reduced.

The general objection to the application of this section to mortgages, given prior to its enactment, is, that it impairs the obligation of the contract; and this position is mainly predicated upon the assumption that the law of the remedy enters into and becomes one of the stipulations of the parties.

This court has already, in *Grimes vs. Bryne*, 2 *Minn.* 89, substantially dissented from this doctrine, and we now in terms hold that the law of the remedy does not enter into the contract. We further think that it may safely be asserted—

That only such laws enter into and become a part of the contract, as would be enforced by the courts of a foreign jurisdiction :—

That an act of the Legislature does not become one of the conditions stipulated by the parties to a contract, nor does it act externally on the agreement, unless it have the full force of law wherever the contract is sought to be enforced :—

That the Legislature may change the law of the remedy at discretion, provided the obligation of the contract is not thereby impaired, but the mere fact that the new remedy is less convenient than the old one, or renders the recovery of debts more tardy and difficult, does not of itself render it unconstitutional :—

And that as every presumption is in favor of a remedial statute, the fraud upon the constitutional restriction against impairing the obligation of contracts must clearly appear, or the law will be vindicated.

These several propositions, it is believed are supported by sound reason and authority. Let us see how they affect the statute under consideration.

In a simple mortgage of real property to secure the payment of money, the contract is simply a conveyance by the mortgagor to the mortgagee, upon a condition that the conveyance shall be void if the mortgagor pay a certain sum by a day certain. In other words, that the mortgagee shall have the property unless the money is paid at a given day. At common law the interest of the mortgagor was treated as resting upon the exact performance of this condition ; the forfeiture or breach thereof becoming absolute by non payment at the day. But the courts of equity relieved against this forfeiture, by giving to the mortgagor a right to redeem after condition broken; and it has now become necessary for the mortgagee to apply to a court of equity to have this right, or equity of redemption barred or foreclosed, before the mortgage contract can be carried into effect according to its terms, otherwise the

right to redeem continues so long as the mortgagor remains in possession, and indeed until after the statute of limitations has run.   When application is thus made to enforce the mortgage, the court in the exercise of its chancery powers, may order the mortgagor to pay the amount due by a certain day, or be forever foreclosed of all right to redeem, thus carrying out the terms of the contract; or, if justice require it, it may order the mortgaged property to be sold, and the proceeds applied first to the payment of the debt, and the balance, if any, to the use of the mortgagor.   This sale, however, is not made in pursuance of, but rather despite the express terms of the mortgage.   The power so to order it rests entirely in the discretion of the court in the exercise of its equitable powers, and exists independent of any statute.   The terms also upon which the sale is made, whether for cash, or upon credit, whether at public or at private sale, and all matters pertaining thereto, are, unless otherwise provided by law, within the control of the court, though the courts have usually adopted the proceedings prescribed in sales upon executions at law.

When, therefore, the Legislature controls the exercise of this discretionary power to order the property to be sold, by directing the conditions upon which the sale shall be made, it is a mere regulation of one of the remedies afforded in judicial proceedings for the foreclosure of mortgages, leaving the remedy by foreclosure absolutely untouched.   And although the change may have made the remedy less expeditious, or rendered the collection of debts more tardy and difficult, yet that, as we have before stated, does not render it unconstitutional.   So long as a reasonable remedy is provided, there is no fraud upon the constitution; and certainly a mere change in one only of two existing remedies cannot have that effect.   The power of our courts to decree a foreclosure absolute has never been interfered with by the legislature.   The mortgagee may still ask to have this done, subject, however, to the power of the court to order a sale where equity requires it.   But as courts of chancery have always been extremely liberal in such cases, seldom foreclosing where anything beyond the debt can be realized by a sale, and always giving to the mortgagor ample time to redeem before foreclosure, it has been the usual practice for

the mortgagee to anticipate by asking for a sale in the first instance.

There is a class of cases, however, in which another and more difficult question arises.   It is common, for the purpose of avoiding the delays incident to judicial proceedings, for the mortgagor to execute a power, authorizing the mortgagee or some third party, in case of default in the payment of the debt secured by the mortgage, to sell the mortgaged property and apply the proceeds to the extinguishment of the debt.   And it is insisted that the legislature cannot interfere with the exercise of this power, so as to force the trustee to sell an estate or interest different from that which the power authorized him to sell.

As to this question we hold that where a valid power has been given, the legislature cannot interfere with its exercise so as to change the estate which the trustee is authorized to sell, as that, we think, would be impairing the obligation of the contract.   But when the mortgagee does not resort to the power, but applies to the court for the enforcement of his mortgage, then any sale the court may order is not made in pursuance of the power, but by its own inherent authority, and the estate necessary to be sold in such cases was always a matter within the control of the court.   He must, therefore, take the remedy as he may find it, and cannot object that it is less beneficial than that afforded at the time his mortgage was executed.   Judicial remedies are to the fullest extent under rightful control of the legislature, notwithstanding the provision in the federal and State constitution, securing the inviolability of contracts; *Morse vs. Gould*, 1 *Kern.* 281; and the mere legislative interference with the power of the court, by imposing a limitation or condition upon the sales which it may order, is no interference with the obligation of contracts.

----

ATWATER, J.   The court were unanimous in the opinion that the judgment below in this case ought to be reversed, on the ground stated in the opinion filed by his Honor, Chief Justice Emmett.   I understand, also, that our views substantially

agree touching the validity of the Act of March 10, 1860, commonly called the Three Years' Redemption law. But as some misapprehension seems to have arisen in regard to the holding of the court upon that law, and as it is highly desirable that this should be avoided, I prefer to express my own view of the law in language somewhat different from that employed in the opinion filed, and in such terms that no misconception can arise.

The mortgage which formed the basis of this action, contained a power of sale, authorizing the mortgagee, in case of default, to sell the mortgaged premises at public auction, pursuant to the statute in such case made and provided, &c. The statute referred to by this clause, is *Chapter* 75, *Comp. Stat. p.* 643, and regulates the manner in which the power shall be exercised, and also specifies the estate which shall pass upon such sale, to wit, the whole interest of the mortgagor, save only the right of redemption, if exercised within one year from the time of sale. The grantor in the mortgage has, therefore, as a part of his contract, authorized the mortgagee to use a certain remedy, to perfect his title in case of default, and, by the same contract, has specified what estate the grantee shall acquire by the use of the remedy. And this power being coupled with an interest, is irrevocable by the grantor. He has bound, or "obligated" himself that the purchaser at the sale should acquire absolute title to the premises, at the expiration of one year from the time of sale.

The Act of March 10, 1860, provides, that the purchaser of any real estate, at mortgage sale by advertisement or otherwise, shall hold the same, subject to the right of the mortgagor or judgment creditor to redeem the same at any time within three years from the day of sale. Does this provision impair the obligation of the contract above referred to? Clearly I think it does, so far as it is sought to be made applicable to mortgages in force at the time of its passage. It attempts to give the mortgagor a three years' interest in the premises, in place of the one year, which the previous law provided for. The obligation of a contract consists in the power and efficacy of the law which applies to and enforces performance of the contract. That the Act of March 10, 1860, impairs the

efficacy of the law, which provides for the foreclosure of the mortgage, and under which the mortgage in the case at bar was foreclosed, is manifest from the consideration, that it diminishes the value of the estate obtained by the purchaser. The purchaser takes title under the power of sale contained in the mortgage, a title, which the law in force at the time the contract was entered into, provided should become absolute at the expiration of a year from the time of sale, if not sooner redeemed. And the mortgagor has expressly adopted this law by making it a part of his contract. The legislature steps in and releases the mortgagor from his contract to make no claim on the premises after the expiration of a year, and gives him the privilege of making such claim for two years longer. It needs no argument to show that a title to real estate, subject to be divested at any time within three years, is not the same in value, even if in kind, as one which can only be divested in one year. In other words, the effect of the law is to lessen the value of the security, by as much as it has extended the reversionary interest of the mortgagor.

When, however, a party applies to a Court of Chancery for a foreclosure of his mortgage, he abandons this power of sale contained in the mortgage, and submits his case to a Court of Equity, for such relief as to that court may seem just. The disposition to be made of mortgaged premises has always been peculiarly within the province of a Court of Equity. It will so dispose of the property mortgaged, as to protect the rights of the mortgagor and mortgagee, and especially provide that the value of the security be not impaired to the mortgagee. And to this end, it has the power to decree a strict foreclosure without sale, and hold the mortgagor to the strict terms of his conveyance, if the condition be broken, or to impose such other terms, as may be in accordance with equity and good conscience. If, however, a sale be decreed, I am inclined to think the purchaser, under the sale, will hold the property subject to the rights and liabilities of parties, as defined by the law in force at the time such sale is made. As the Legislature has not by this act restricted the court from giving the fullest relief which the nature of the case demands, if prejudice is suffered by the mortgagee in the disposition of the security, it

must arise rather from the refusal of the court, to exercise its powers in the proper manner, than from the exercise of legislative powers destroying vested rights or interfering with contracts.

I do not understand that the views above expressed conflict with the ruling in the cases of *Bronson vs. Kinzie* and *McCracken vs. Hayward*, decided by the United States Supreme Court, and cited in the brief of the counsel for the Plaintiff in Error. Where that court has directly decided that a State law is in conflict with the Constitution of the State, or of the United States, I think this court should be governed by such decision, in cases involving or depending upon the decision of the same question. It is proper to remark in this connection, that both cases in which this question arose at the last December Term, were those of foreclosure by advertisement, and the point principally discussed by counsel, was as to the effect of the law upon the power of sale contained in the mortgage. For this, and the further reason, that the construction of this law is not necessarily involved in the disposition of the case at bar, I deem it unnecessary to elaborate or cite authorities, or do more than merely to state the views entertained upon the points raised, for the purpose of affording some guide to those whose interests may be affected by the law of the last Session of the Legislature.

---

FLANDRAU, J. I fully concur in the opinion delivered by the Chief Justice in this case. The only question properly before us for decision, is the present right of possession in the mortgaged premises as between the representatives of the mortgagor, and the purchaser at the mortgage sale. No question of redemption, either under the law in force at the time of the execution of the mortgage, or that subsequently passed in 1860, can arise, as the premises were sold in August last, very much less than a year ago, a period within which the right to redeem is conceded to exist under either law, and at all events. The right of the mortgagor to hold possession, and the terms under which he may exercise such right after sale,

and pending the time allowed him to redeem, are within the power of the Legislature to grant and regulate. *Bassett vs. Stone, July Term,* 1860. As the law on this subject stood at the commencement of this action, the right of possession was in the representatives of the mortgagor. The action should, therefore, have been dismissed by the Justice, and the District Court erred in affirming a judgment rendered for the Plaintiff.

For the reasons assigned by the Chief Justice, I deem it proper that we should express our views concerning the effect of the law of 1860, which extends the time for redemption upon mortgage sales from one to three years upon mortgages executed prior to its passage.

A mortgage which is simply a sale of the land by the mort-gagor to the mortgagee, upon the condition that the sale shall be avoided by the payment of money, or the performance of any other act at a given time, and to become absolute upon the failure of the mortgagor to perform the condition, is made subject to the power of a Court of Chancery, either to relieve against the forfeiture, and permit a redemption to be made, or to declare the forfeited estate absolute in the mortgagee, or order a sale of the land for the payment of the debt, as equity and the circumstances of the case may demand; and under such an instrument the court is not confined to ordering the sale of an estate in fee in the land, but may direct the sale of an estate for life or any less estate, the value of which will satisfy the claim on the land. Therefore, as to such instruments, a statute which declares that in all sales made upon the foreclosure of mortgages, the mortgagor, or others, shall have a given time to redeem the land after sale, only restricts the powers of the Court of Chancery when it decrees a sale, and does not infringe upon the contract in any manner, either as to its terms or spirit. An act which should go to the extent of prohibiting sales to be ordered at all under such instruments, and direct a strict foreclosure in all cases, would, instead of impairing the obligation of the contract, be executing it in strict accordance with its terms.

When a mortgage contains a power authorizing the mortgagee on default to sell any particular estate in the land to satisfy the debt, such power is not only part of the contract,

but a very important and valuable part of it, and the Legislature cannot in any manner impair its force or obligation. If a mortgage, containing a power to sell an estate in fee, or a lesser estate on default, is executed pending the operation of a statute allowing a redemption to be made within one year after the sale takes place, the power is, of course, qualified by the statute, and any estate sold under the power must be subject to such right if the statute is in force at the time of the sale ; but the Legislature cannot lessen the nature of the estate which the mortgagee is empowered to sell, either by direct provision to that effect, or by increasing the period within which the land may be redeemed. The statute of 1860 does not in any manner operate upon the remedy by which the contract is to be enforced, but directly changes the nature of the estate which the mortgagee may sell, from one, absolute after one year, if not redeemed, to one qualified by the right in others to defeat it by redemption at any time within three years—a very different and much less valuable interest. It would be no more objectionable to change a power to sell an estate in fee into a power to sell an estate for life, or to reduce the latter into a power to sell an estate for years, either of which would be an unwarrantable interfererce with the contract of the parties.

The *manner in which* such sales shall be made as to notice, &c., is subject to legislative control if a reasonable remedy is given ; but that, as has been shown above, is a very different matter from changing the estate which the mortgagee is authorized to sell under his power. For the reasons above, I do not think the Act of 1860, allowing three years time to redeem after sale, can apply to sales made under powers such as are usually inserted in mortgages of real estate which were executed prior to its passage, while it may apply to sales made by order of a Court of Equity, under mortgages executed before it took effect.

There is no constitutional guaranty that is more valuable to the citizen than that which secures to him the inviolability of his contract rights. There is none more liable to legislative encroachment consequent upon financial fluctuations and popular excitements. It is the imperative duty of the courts

to guard the Constitution in its integrity with jealous solicitude and unwavering resolution, and by preserving it unimpaired, confer a permanent benefit upon the whole State, even at the temporary inconvenience of some of its subjects.