[No. 13481.   In Bank. — February 3, 1890.]

HENRY C. HYDE, RESPONDENT, v. ROBERT S. THORNTON ET AL., APPELLANTS, AND ROBERT BOYLE ET AL., DEFENDANTS.

PETITION TO SETTLE EXCEPTIONS — MANDAMUS. — This court cannot substitute itself for the court below in the settlement of a general bill of exceptions; and if the judge of that court improperly refuses to settle such bill, the proper remedy for such refusal is by *mandamus* to compel the settlement, and not by petition in this court to settle the exceptions.

PETITION to the Supreme Court to settle exceptions in an action appealed from the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*George H. Buck,* and *Edward F. Fitzpatrick,* for Petitioners.

*A. N. Drown,* and *F. M. Osmont,* for Respondent.

Fox, J.—This is an original proceeding in this court to settle a "bill of exceptions" taken on behalf of petitioners, who are appellants in the above-entitled cause.

We have examined the petition and answer thereto, and are of opinion that on at least one of the points made on their appeal the petitioners are entitled to take an appeal and be heard thereon; and that under the decision of this court in the case of *Herrlich* v. *McDonald,* 80 Cal. 472, the proper mode of bringing the matter up

on an appeal is by bill of exceptions. They are, therefore, entitled to have a bill settled and allowed.

But this court in Bank has recently held, in the case of *Landers* v. *Landers*, 82 Cal. 480; that this is not the proper remedy in a case like the one here presented; that this court cannot substitute itself for the court below in the settlement of a general bill of exceptions. On the authority of that case this application must be denied, and the parties left to the remedy therein suggested, if the judge below still persists in his refusal to settle the bill.

WORKS, J., PATERSON, J., McFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.