DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 14190.  In Bank. — January 18, 1892.]

HENRY C. HYDE, ASSIGNEE, ETC., RESPONDENT, *v.*
ROBERT BOYLE ET AL., DEFENDANTS.  R. S.
THORNTON ET AL., APPELLANTS.

BILL OF EXCEPTIONS — MATTERS IMPROPERLY INSERTED — REVIEW UPON
APPEAL. — Irrelevant matters incorporated into a bill of exceptions,
which shows on its face that the matters therein recited were not pre-
sented to the court at the time it made the ruling appealed from, will
not be considered upon the appeal.

ID. — RECITAL OF FACTS NOT IN EVIDENCE — ORDER REFUSING TO VACATE
PREVIOUS ORDERS — WRIT OF RESTITUTION — CONTEMPT PROCEEDINGS.
— Where an appeal is taken from an order refusing to vacate a previous
order allowing a writ of restitution, and another order adjudging certain
defendants to be in contempt and awarding an *alias* writ, a recital in the
bill of exceptions of facts in regard to the proceedings had in the matter
of the contempt, without stating the evidence or showing that the con-
tempt proceedings were put in evidence or referred to upon the motion
for the order appealed from, will be disregarded.

ID. — INSUFFICIENT SUPPORT OF ORDERS. — Where the record upon appeal
from such order discloses that the respondent failed to put in evidence
the same proofs which were heard in the matter of the contempt, and no
evidence appears in the record to support the orders moved to be set
aside, such orders must be reversed, if the appeal is well taken.

ID. — STATEMENT OF EVIDENCE — JUDGE'S CONCLUSIONS. — When evidence
is read or referred to upon a motion for the order appealed from, such
evidence, and not the judge's conclusions from it, should be embodied in
the bill of exceptions.

EJECTMENT — ALLOWANCE OF WRIT OF RESTITUTION — MOTION TO SET
ASIDE EX PARTE ORDER. — Persons claiming to be entitled to possession,

XCIII. CAL.—1

and not to have been actually dispossessed under a writ of restitution, may move to set aside an *ex parte* order, made without notice to any one, allowing the writ to issue upon a judgment in ejectment rendered more than seven years prior to the order, and the party obtaining the writ is not injured by the making such motion, instead of a motion to restore possession, where the evidence is conflicting as to whether the persons were in fact dispossessed.

ID. — NOTICE OF APPLICATION TO REVIVE JUDGMENT. — Though the statute does not expressly require notice, the court may, and generally should, require notice to the parties in possession before reviving an old judgment in ejectment, and allowing a writ of restitution thereon.

ID. — CONTEMPT — DISOBEDIENCE TO WRIT OF RESTITUTION — RES ADJUDICATA — VACATION OF ORDER ALLOWING WRIT — CORRECTION OF CONSEQUENT ORDERS. — Although the defendants were properly adjudged guilty of contempt of court in re-entering upon the land in controversy after the service upon them of the writ of restitution, and an *alias* writ was properly awarded, yet the hearing upon the contempt proceedings is not a bar to the defendants' right to apply to the court for an order vacating the order allowing the writ of restitution; and the order adjudging them to be guilty of contempt and allowing an *alias* writ should be corrected so far as possible, if it should be determined that the first writ was improperly issued.

ID. — JUDGMENT BY DEFAULT — DISPOSSESSION OF VENDEE — POSSESSION PRIOR TO SUIT. — Where judgment in an action of ejectment brought against several defendants was rendered in favor of all but one of them, against whom judgment was taken by default, and who had conveyed his title to the landlord of the other defendants, with the knowledge of the plaintiff, before the commencement of the action, and such landlord was in possession when the action was commenced, the action of the court in making an order allowing a writ of restitution upon the judgment more than seven years after its rendition, without notice to any one, and thereby depriving of possession the owner of the land, is error, and its order refusing to vacate such an order will be reversed upon appeal.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to vacate an order allowing a writ of restitution on a judgment, and an order adjudging certain defendants to be in contempt and awarding an *alias* writ.

The facts are stated in the opinion.

*Edward F. Fitzpatrick*, and *George H. Buck*, for Appellants.

*T. M. Osmont*, for Respondent.

TEMPLE, C. — In effect, this case has already been before this court three times. The first (*Hyde* v. *Thornton*,

83 Cal. 83) was a petition asking this court to settle exceptions, on the ground that the judge of the trial court refused to do so. This court held, after argument, that the defendants had the right to be heard on appeal, but they must compel the trial court to settle the statement if it refused, and could not ask this court to do so.

The second time (*Hyde* v. *Boyle*, 86 Cal. 352) was an application for leave to prove an exception, which, under the circumstances, this court declined to do.

The last (*Hyde* v. *Boyle*, 89 Cal. 590) was a motion to correct the bill of exceptions by striking out certain matters which appellants contended were not heard or considered in the court below. The court also refused this relief, but said: "We do not wish to be understood as holding that everything that is contained in a bill of exceptions is always to be considered by this court in reviewing the action of the court below. It may frequently happen that irrelevant matters are incorporated into the bill, and the bill itself may show upon its face that the matters therein recited were not presented to the court at the time it made its rulings, or could not have any weight in determining the correctness of such rulings. This court will consider only such matters as by the bill of exceptions itself purport to be pertinent, and to have been considered by the court below."

This appeal is from an order refusing to vacate two previous orders of the superior court, — one made November 21, 1888, allowing a writ of restitution on a judgment in favor of Hyde as assignee of *Ford* v. *Boyle et al.*, and one made March 11, 1888, adjudging certain of the defendants to be in contempt and awarding an *alias* writ.

The bill of exceptions, after giving a brief history of the case, proceeds to relate the facts in regard to the proceedings had in the matter of the contempt. It recites that proper affidavits were filed; that all of the parties appeared; that Thornton, who now claims to have been the owner, was a witness, and then proceeds to state what "the evidence adduced in said proceeding and

upon said hearing showed," narrating the facts at considerable length, but not setting out the evidence from which the conclusions are drawn. It does not appear that any witnesses were sworn or testified at the hearing of the motion from the refusal to grant which this appeal is taken, nor that the papers of proceedings in the contempt case were put in evidence, read, or in any way referred to.

Rejecting that portion of the bill of exceptions which sets out facts not shown at the hearing, or properly considered by the court in determining the motion, the case is greatly simplified. Most of the alleged facts upon which respondent relies disappear from the case.

It then appears that on August 12, 1873, William Ford brought suit to recover the land in question against Robert Boyle, Benjamin S. Green, and five others; that all answered, through Tully R. Wise as their attorney; that Henry C. Hyde, assignee in bankruptcy, was substituted for Ford as plaintiff; that prior to the commencement of the action, Thornton had become the owner of the property, through a conveyance from Green, and Ford, the plaintiff, knew that fact; that the defendants, other than Green, were tenants of Thornton, who, although not appearing as a party, defended the action in the name of his tenants; that upon the trial of the case, Thornton succeeded in nonsuiting the plaintiff as to all his tenants. Upon the record, it seems that the trial was between the plaintiff and all the defendants, but the nonsuit was not granted as to Green; but the trial then seems to have stopped. A few days after, upon suggestion that Green had not answered, judgment by default was rendered against him. This was August 22, 1881. November 21, 1881, on motion of Osmont, as plaintiff's attorney, although he was not the attorney of record, the court ordered an execution to issue on the judgment against Green. This order was made without notice to any one. The sheriff went upon the premises with the execution, and finding no one there, and no personal property, formally delivered the same to Osmont. That one C. P.

Robinson had acquired plaintiff's title to the property before the issuance of the execution, and Osmont acted in the matter as his representative; that on the 18th of January, 1889, upon the application of Robinson, claiming to be the successor in interest of plaintiff, supported by proper affidavits, an order was made requiring appellants, other than Thornton, to show cause why they should not be punished for contempt for wrongfully reentering upon the premises after having been dispossessed by the sheriff and an *alias* writ of restitution issued; that upon the hearing under that order, appellant Thornton was a witness, and defended the other appellants as his tenants; that after a full hearing, the court adjudged said parties to be guilty of a contempt in reentering upon the premises, and awarded an *alias* writ.

It may be that respondent made a fatal mistake in not formally putting in evidence, upon the hearing of this motion, the same proofs which were heard in the matter of the contempt. Such evidence was not read or referred to, and if it had been, it should have been brought up, instead of the judge's conclusions from it. (*In re* Moore, 78 Cal. 242; *Hyde* v. *Boyle*, 89 Cal. 590.)

As the record stands, the orders must be reversed, if the appeal is well taken, as seems to have been held in *Hyde* v. *Thornton*, 83 Cal. 83. Respondent contends that the proper remedy of appellants, if improperly ejected, would have been to ask the court to restore them to the possession. In this case appellants deny that they have been dispossessed under the writ, and on that point the proof was conflicting. The issues upon such an application would have been precisely the same, in all respects, as upon the motion actually made. We cannot see how respondent has been injured by the course adopted.

It was a motion to set aside an order allowing an execution upon a judgment, more than seven years after its rendition, made without notice to any one. Upon the hearing, the court might properly consider such matters as should have been examined into before the original order was made.

It is true, the statute does not expressly require notice; but the court may, and generally should, require notice to the parties in possession, before reviving an old judgment.

The hearing upon the matter of the contempt is not a bar to the appellants' right to make this application. The court, having found that the writ had been served, and that the appellants afterwards re-entered, properly adjudged them guilty of contempt, and this order for the *alias* writ followed as matter of course.   If upon this application it should be determined that the first writ was improperly issued, all the consequences of that act should be corrected, so far as possible.

There is no real conflict upon the question whether Thornton was in possession at the time of the commencement of the action of ejectment.   Osmont's affidavit shows upon its face that it purports to be hearsay testimony, and therefore not competent, while Thornton swears positively that he was in the exclusive, open, notorious, and peaceable possession, claiming the same in his own right adversely to the whole world; that he had been the absolute owner and in possession since August 17, 1872.

And the original plaintiff in the action of ejectment, after he brought that suit, and the defendants had appeared, but before the trial, to wit, June 8, 1874, in a sworn complaint in an action brought against Thornton, states that Thornton, through his tenants, had been since August 2, 1872, in possession, receiving the rents, issues, and profits, and refused to deliver or surrender possession to him, Ford.

From this complaint it appears that Green had been a pre-emptioner upon this land, and had purchased from the government and had received a patent; that intermediate the purchase and the patent, an execution had been levied upon the land, and plaintiff, Ford, claimed title under a sale made under this levy; that afterwards, upon the issuance of a patent, Green conveyed to Thornton, who had since been in possession.

It here appears that Thornton has been claiming to own these lands. There may be collusion between himself and Green. The learned judge below, drawing upon his memory of the evidence in the matter of the contempt, so held, but there was no evidence of such collusion upon the hearing of this motion.

We think the order appealed from should be reversed, and the court below directed to vacate and set aside the previous orders referred to in appellants' motion.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is reversed, and the court below is directed to vacate and set aside the previous orders referred to in appellants' motion.

Rehearing denied.