[No. 15716.   In Bank.—February 23, 1895.]

CHARLES F. ALLEN ET AL., RESPONDENTS, v. H. D. P. ALLEN ET AL., APPELLANTS.

DEED INTENDED AS MORTGAGE—TITLE PART OF CONTRACT—CHANGE OF LAW—EQUITIES BARRED BY LIMITATION—EJECTMENT.—A deed to land given to secure a debt, at a time when the decisions in this state held that the legal title to the land passed thereby, conferred a title, as part of the contract, subject only to an equity of redemption, which a subsequent change in the law cannot effect; and when the debt to secure which the deed was made became barred by the statute of limitations, the right to redeem was also barred, and the title became vested absolutely in the grantee free from any equities, and the grantee may recover the land in ejectment.

ID. — ESTOPPEL BY JUDGMENT — DECISION UPON FORMER APPEAL — DISMISSAL OF ACTION TO REDEEM—EQUITABLE DEFENSE IN EJECTMENT.— The judgment upon a former appeal, in an action to redeem from a deed intended as a mortgage, affirming a judgment dismissing the action to redeem as barred by limitation, is determinative of the rights of the parties to the transaction, and operates as an estoppel against an equitable defense setting up the right of redemption by way of answer in an action of ejectment brought by the grantee of the deed against the grantor.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*E. W. Wilson,* and *J. N. Gillett,* for Appellants.

*S. M. Buck, F. A. Cutler,* and *Chamberlin & Wheeler,* for Respondents.

HENSHAW, J.—This is an action of ejectment.

The complaint is in usual form. The answer presents a special defense in equity, averring that the defendant H. D. E. Allen, being the owner of the lands in controversy, caused a transfer and conveyance of them to be made to plaintiffs as security for a debt; that plaintiffs received the transfer and conveyance and the land and premises thereby conveyed, and thereupon agreed to hold, and ever since have held, and now continue to hold, the same as security. The same facts are likewise pleaded by cross-complaint. Defendants ask that an accounting be had, and that they be allowed to redeem the land upon payment of any amount found due. The appeal is from the judgment alone.

The facts of this precise transaction will be found in *Allen* v. *Allen,* 95 Cal. 184, where this defendant, there plaintiff, sought to redeem against these plaintiffs, there defendants, the same land from the lien of the same mortgage. By that decision it was held that under the transfer and conveyances to plaintiffs herein they acquired the legal title to the property, leaving in defendants a mere equity of redemption; that the parties are deemed to have contracted in view of the rule of interpretation of such instruments expressed in *Hughes* v. *Davis,* 40 Cal. 117, and *Espinosa* v. *Gregory,* 40 Cal. 58; and that the debt to secure which the deed was made being barred, the right to redeem was also barred.

The trial court found that the judgment in *Allen* v. *Allen, supra,* was a bar to the defenses and equities pleaded in defendants' answer and cross-complaints; and we think it was right in so finding.

The judgment upon the former appeal is determinative of the rights of either party to this transaction, and

operates as an estoppel. While the plaintiffs cannot foreclose, defendants cannot redeem. Wherever the right to possession of the land may have been before the time for redemption had expired, upon the failure of defendants to redeem within the statutory period the right vested absolutely in plaintiffs, and their title, freed from defendants' equities, became full and complete.

The judgment appealed from is affirmed.

TEMPLE, J., GAROUTTE, J., McFARLAND, J., HARRISON, J., and VAN FLEET, J., concurred.