[S. F. No. 1452.   Department Two.—June 15, 1900.]

## C. P. ROBINSON, Appellant, v. R. S. THORNTON, Respondent.

EJECTMENT—EVIDENCE—DERAIGNMENT OF TITLE FROM DEFENDANT UNDER EXECUTION.—In an action of ejectment, where the plaintiff had proved title in the defendant, and offered proof of a deraignment of title from him by levy, sale, and sheriff's deed under execution issued upon a money judgment against him, it is error to exclude such evidence, regardless of the question whether or not the defendant can overcome that evidence by proof of other facts.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

T. M. Osmont, for Appellant.

Edward F. Fitzpatrick, B. B. Newman, and M. B. Kellogg, for Respondent.

THE COURT.—Ejectment. The defendant had the verdict of the jury and judgment thereon. Plaintiff appeals from the judgment and from an order denying his motion for a new trial. Appellant claimed title to the premises under an execution sale made upon a judgment rendered in the case of *McCombe v. Green*

*and Wife.* It was admitted that a United States patent had issued to said Green for the land in contest in August, 1871. Appellant also proved the possession of said Green of the land from 1864 to a short time preceding the commencement of the action. Thereupon he offered in evidence the judgment-roll in the said case of *McCombe v. Green and Wife,* which showed a money judgment against Green in favor of McCombe; also, execution therein, levy, sale, and sheriff's deed to appellant of the premises in contest. This evidence was objected to by respondent on the ground that it was immaterial, irrelevant, and incompetent and *res adjudicata;* and the objection was sustained "on the ground of *res adjudicata.*" This ruling of the court, as it appears from a portion of the opinion of the court delivered at the time, which is in the record, was founded upon the notion that this court in *Robinson v. Thornton,* 102 Cal. 675, and in *Robinson v. Thornton,* 114 Cal. 275, had decided that the judgment-roll in *McCombe v. Green,* was inadmissible, and that this decision had become the law of the case. But no such decision was made in either of those appeals.

In the appeal in 102 Cal. it appeared, from evidence which had been introduced in the case by the defendant, that prior to the levy of the execution in *McCombe v. Green* the interest of the Greens in the land had been extinguished by a certain mortgage foreclosure; it also appeared by the evidence which had been introduced that Green had, in 1872, executed a conveyance of the land to the defendant Thornton, who then went into possession thereof and had since remained in adverse possession; and the main question in the case was whether or not Thornton was estopped from pleading the statute of limitations—the court holding that he was not so estopped. But there was no adjudication—as, indeed, there could not properly have been—that the judgment-roll, etc., was not admissible evidence on the part of the plaintiff; as a matter of fact, that judgment-roll had been introduced, and there was no intimation whatever that it had been improperly received in evidence. The decision of this court on that appeal reversed the judgment of the lower court in favor of the plaintiff; but the reversal was based upon evidence introduced by the defendant subsequent to the introduction of the judgment-roll in *McCombe v. Green.* On this

present appeal there was no evidence whatever introduced at the trial by the appellant, and none of the questions raised upon the appeal determined in 102 Cal. were before the court at all. After appellant's main muniments of title were ruled out by the court it was useless for him to proceed further, and, of course, he had to submit to a judgment against him. It was clearly error to sustain the objection to the judgment, execution, sheriff's deed, etc., offered by the appellant; whether or not respondent could have overcome that evidence by a showing of other facts was not a question before the court.

As to the appeal in 114 Cal., there a judgment in favor of the defendant was reversed because the court below had done substantially what was done in the case at bar. On that appeal the court took the case away from the jury and instructed them to bring in a verdict in favor of the defendant because "the law of the case," as declared on the appeal in 102 Cal. had settled the case definitely in favor of the defendant; and the court, in its opinion in 114 Cal., shows that this was not so.

In the case at bar appellant proved title in Green, and offered proper documentary evidence which showed the deraignment of title to him from Green, and the competency of such evidence is beyond question. For the ruling excluding such evidence the judgment must be reversed.

The judgment and order appealed from are reversed.

Hearing in Bank denied.