[Civ. No. 412. First Appellate District.—April 22, 1908.]

GEORGE W. GREEN, Administrator of Estate of BEN S. GREEN, Deceased, Appellant, v. R. S. THORNTON, Respondent.

MORTGAGE BY DEED ABSOLUTE—ACTION TO REDEEM—EJECTMENT—CONSTRUCTION OF PLEADING—PRAYER.—In an action to redeem from a mortgage by deed absolute, in determining whether the pleading is also intended to include the remedy of ejectment, the prayer of the complaint may be considered. It is held that the remedy sought in this case was one of redemption only, and that the case was tried wholly upon that theory.

ID.—VERDICT OF JURY ADVISORY—POWER OF COURT.—In an equitable action to redeem from a mortgage by deed, the verdict of a jury is merely advisory, and the court has power to disregard the verdict and find otherwise.

ID.—EJECTMENT—FULL PAYMENT OF DEBT—RENTS AND PROFITS—EQUITABLE SETOFF—ACCOUNTING IN EQUITY.—An action of ejectment cannot be sustained against a mortgagee in possession, unless the debt is fully paid. Rents and profits received by the mortgagee cannot be applied on the debt in ejectment, and can only be considered as an equitable setoff to the amount due on the mortgage debt, and must be settled upon accounting in equity.

ID.—MORTGAGE BY DEED BEFORE CODE—CODE RULE INAPPLICABLE—LEGAL TITLE—STATUTE OF LIMITATIONS.—A mortgage by deed absolute made prior to the enactment of section 430 of the Code of Civil Procedure cannot be governed by that section; but the prior rules must apply that the deed passes the legal title, and that when the debt secured is barred by the statute of limitations, the right of redemption is also barred, and the grantee thereafter holds the full legal title, free from all equities.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial. A. L. Rhodes, Judge presiding.

The facts are stated in the opinion of the court.

Drown, Leicester & Drown, and D. M. Delmas, for Appellant.

E. F. Fitzpatrick, and A. E. Shaw, for Respondent.

KERRIGAN, J.—The complaint is in two counts, the first of which avers that on August 17, 1872, plaintiff's intestate, Benjamin S. Green, was, and had been, in the actual and exclusive possession of the lands in controversy for many years; that on that day he was indebted to the defendant, and, for the purpose of securing the payment of present and future debts, he executed to defendant a conveyance which, though in form a deed absolute, was in reality a mortgage. It further alleges that on January 30, 1895, defendant, claiming to be the owner of said lands by virtue of said deed, entered into and has ever since retained possession thereof; that although demand therefor has been made, defendant refuses to surrender possession of the premises, or to render an account of the rents and profits thereof.

In the second count the plaintiff, who is the administrator of the estate of Green, avers, after formal allegations, that he is, in his representative capacity, the owner of said property; that "defendant is now in possession of said premises and claims title thereto adversely to plaintiff," founding his title upon an alleged conveyance to him by decedent; but that said conveyance was intended as a mortgage to secure present and future debts; that (as plaintiff is informed and believes), "said indebtedness has been fully paid"—"nevertheless the defendant still holds possession"—"and refuses to surrender possession."

The prayer of the complaint is for:

"A decree of this court quieting his title to said land."

"That an accounting be taken" concerning said indebtedness and rents.

"That in case the balance be found in defendant's favor, plaintiff be permitted to pay the same to defendant in satisfaction thereof."

"That in case the balance be found in plaintiff's favor, plaintiff have judgment therefor against defendant, and judgment for possession of said lands."

For other just and equitable relief.

Defendant in his answer admits that he entered into possession of the lands, and still holds under the conveyance from Green; denies that the conveyance was a mortgage, and pleads the five years statute of limitations founded upon adverse possession.

8 Cal. App.—11

The case was submitted to a jury upon special issues. The jury answered the questions submitted to them in favor of the plaintiff. Among other matters they found that the conveyance from Green was a mortgage, and that defendant had not had five years' adverse possession.

After the coming in of the verdict defendant filed an amendment to his answer, in which he pleaded that the action had not been commenced within four years after the cause of action had accrued. The court then substituted findings of its own for the verdict of the jury. In these it found, as had the jury, that the conveyance from Green was a mortgage, but that the action was barred, not having been commenced within four years after the cause of action had accrued. It also found that at the time of the making of the deed Green was not the owner of the property, but was merely in possession of it, and by his deed conveyed such possession to defendant; that from the date of the conveyance to the time of his death in 1882, Green occupied the property as a tenant at will of Thornton; also that defendant was rightfully in possession of the property, and had been in such possession for more than four years before the commencement of the action.

Before taking up a discussion of the case it may be well to state that the litigation involving the lands in controversy had been before the supreme court so often that on the occasion of its last appearance there, November 10, 1900, in the case of *Green* v. *Thornton,* 130 Cal. 482, [62 Pac. 750], the court made the following comment and enumeration of the cases wherein adjudications had been had:

"The contest in relation to the premises in question in its various forms has been in this court on several different occasions, in fact it has become a sort of *Jarndyce* v. *Jarndyce*"—citing the various cases involving this land: *Hyde* v. *Thornton,* 83 Cal. 83, [23 Pac. 126]; *Hyde* v. *Boyle,* 86 Cal. 352, [24 Pac. 1059]; *Hyde* v. *Boyle,* 89 Cal. 590, [26 Pac. 1092]; *Hyde* v. *Boyle,* 93 Cal. 1, [29 Pac. 247]; *Hyde* v. *Boyle,* 105 Cal. 102, [38 Pac. 643]; *Robinson* v. *Thornton,* 102 Cal. 675, [34 Pac. 120]; *Robinson* v. *Thornton,* 114 Cal. 275, [46 Pac. 79]; *Robinson* v. *Thornton,* 129 Cal. 12, [61 Pac. 946].

The case of *Green* v. *Thornton,* 130 Cal. 482, [62 Pac. 750], and the present one are quite similar. That was an action to quiet title. There Hannah Green, the widow of Benjamin S. Green, was the plaintiff, claiming to be the owner of the property; while in this case the plaintiff is the administrator of the estate of Benjamin S. Green, claiming that the deed from Green to Thornton was a mere mortgage. The only material difference in the facts of the two cases is that here evidence was introduced to show that the deed was intended as a mortgage. In that case defendant prevailed.

Appellant (plaintiff) contends that this is an action in ejectment, and hence that the court had no right to disregard the finding of the jury, and to substitute therefor findings of its own. Respondent, on the other hand, insists that the complaint was a bill to redeem; and if he is right, the findings of the jury were merely advisory. If it be conceded that the second count of the complaint embodies an action in ejectment, yet unless there was proof that the mortgage was paid, ejectment could not be maintained. "Whenever a mortgagor seeks a remedy against his mortgagee which appears to the court to be inequitable—whether it be to cancel the mortgage and close up his title, or to enjoin a sale under power given him in the security, or to recover from the mortgagee the possession of the mortgaged premises, the court will deny him the relief he seeks, except upon the condition that he shall do that which is consonant with equity. In accordance with these principles it is a settled rule that the mortgagor cannot maintain ejectment against his mortgagee until the debt is paid." (*Specht* v. *Specht,* 88 Cal. 442, [22 Am. St. Rep. 314, 26 Pac. 203], and cases cited. See, also, *Burns* v. *Hiatt,* 149 Cal. 617, [117 Am. St. Rep. 157, 87 Pac. 196].)

There was a finding by the jury, which was adopted by the court, that a certain amount in rents had been collected by respondent from the tenants of the property, but in ejectment rents and profits cannot be applied to the payment of the mortgage. Such receipts are in the nature of an equitable setoff to the amount due upon the mortgage debt, and must be settled upon an accounting in equity. (*Specht* v. *Specht,* 88 Cal. 442, [22 Am. St. Rep. 314, 26 Pac. 203]; Jones on Mortgages, sec. 716.)

The first count is an action to redeem. At first blush the second count appears to be an action to redeem only, but upon reflection it seems to embrace also an action in ejectment. Aside, however, from the averment in the second count of payment of the mortgage, and the omission of the respondent to deny this averment by direct and positive statement, the complaint is devoid of anything that even suggests ejectment. The case was tried by the appellant upon the theory that if there was any payment of the mortgage, it was by application of the rents and profits and not otherwise, which application, as just seen, cannot be made in ejectment. Furthermore, the case was submitted to the jury without objection upon special issues. Indeed, to refer again to the complaint, and taking it as a whole, it is clear that redemption, and not ejectment, is the relief to which appellant deemed himself entitled, and this theory is strengthened when the prayer of the complaint is considered. To be sure, a prayer cannot aid a defective pleading; still, in a case where, as here, there are two causes of action, it may be consulted with a view to ascertaining the kind of relief which was intended (*Nevada Co. etc. Canal Co.* v. *Kidd,* 37 Cal. 282) ; and when that is done in this case it is obvious that the appellant sought relief in equity only. If he had any other thought he obscured it in his complaint, and abandoned it at the trial. In fine, the case was tried and submitted in all respects exclusively as an action to redeem. We are convinced that it should be so regarded. This brings us to the only other point in the case.

Since the adoption of the code in 1873 (Code Civ. Proc., sec. 2), the period of limitation for the commencement of an action to redeem from a mortgage on real property is five years. Prior to that time, and at the date the deed in question was given, it was four years (sec. 19, "An Act defining time for commencing civil actions," approved April 22, 1850, Stats. 1850-53, p. 819). This section was identical with the present section 343 of the Code of Civil Procedure, which provides that an action for relief not otherwise provided for must be commenced within four years after the cause of action shall have accrued. Appellant claims the benefit of the five-year provision; while respondent insists that the other should prevail, it being the one in existence at the date of the deed. (*Cunningham* v. *Hawkins,* 24 Cal. 410, [85 Am.

Dec. 73].) However that may be, this case is governed by the rule laid down in *Hughes* v. *Davis,* 40 Cal. 117, and in *Espinosa* v. *Gregory,* 40 Cal. 58, cited by respondent, which settled the rule for the interpretation of instruments like the one here, and the parties are deemed to have contracted in view of that rule. According to those cases, at the time of the execution of this deed, although in equity a mortgage, it conveyed the legal title, and left to the grantor a mere equity of redemption, and when the debt secured by the deed became barred by the statute of limitations, the right to redeem was also barred. From the record it is clear that when the present action was commenced, the statute of limitations had run against the debt to secure which the deed was made. Section 346, Code of Civil Procedure, providing that an action to redeem may be brought within five years, having been enacted after the conveyance was executed, is inapplicable. The law as declared in the two cases just noticed defined the legal obligations of the parties to the transaction, and entered into and became a part of their contract, and therefore, when the right to foreclose the mortgage expired, the mortgagor or his successors at the same time lost the right to redeem, and respondent's title was freed from appellant's equities, and became full and complete.

In *Allen* v. *Allen,* 95 Cal. 197, [30 Pac. 213], a deed made in 1869, intended as security, was passed upon. The court says: "At the time the conveyance was made by John H. Allen to the respondents, a deed, absolute in form but intended as a mortgage, in this state transferred the legal title, and there was left in the person executing it a mere equity of redemption; and whenever the debt, to secure which the deed was made, became barred by the statute of limitations, the right to redeem was barred. (*Hughes* v. *Davis,* 40 Cal. 117; *Espinosa* v. *Gregory,* 40 Cal. 58.) The right to redeem and the right of the creditor to sue on a contract were reciprocal. (*Cunningham* v. *Hawkins,* 24 Cal. 403, [85 Am. Dec. 73]; *Arrington* v. *Liscom,* 34 Cal. 366, [94 Am. Dec. 722]; *Grattan* v. *Wiggins,* 23 Cal. 16.) No subsequent legislation could change the rights or obligations of the parties, or extend the time for action. The right and time to redeem were fixed by the laws in force at that time. (*Bronson* v. *Kinzie,* 1 How. 316; *Walker* v. *Whitehead,* 16 Wall. 318; *Heyward* v. *Judd,*

4 Minn. 483; *Phinney* v. *Phinney,* 81 Me. 450, [10 Am. St. Rep. 266, 17 Atl. 405].) Under the decisions just cited, section 346 of the Code of Civil Procedure is inapplicable, because it would effect a material change in the rights and obligations of the parties. (*Phinney* v. *Phinney,* 81 Me. 450, [10 Am. St. Rep. 266, 17 Atl. 405]; *Heyward* v. *Judd,* 4 Minn. 483.) And for the same reason *Raynor* v. *Drew,* 72 Cal. 307, [13 Pac. 866], and other and later cases declaring the rule stated in that section, are not in point. They are based upon that section of the code, and it was passed posterior to the time the parties entered into the contract.''

The case of *Allen* v. *Allen,* 95 Cal. 197, [30 Pac. 213], came up before the supreme court again, and it is reported in 106 Cal. 137, [39 Pac. 436]. There the court says: ''By that decision (referring to the former decision between the same parties), it was held that under the transfer and conveyances of plaintiff herein, they acquired the legal title to the property, leaving in defendants a mere equity of redemption; that the parties are deemed to have contracted in view of the rule of interpretation of such instruments expressed in *Hughes* v. *Davis,* 40 Cal. 117, and *Espinosa* v. *Gregory,* 40 Cal. 58, and that the debt, to secure which the deed was made, being barred, the right to redeem was also barred. . . . Wherever the right to possession of the land may have been before the time for redemption had expired, upon the failure of the defendants to redeem within the statutory period, the right vested absolutely in plaintiffs, and their title, freed from defendants' equities, became full and complete.''

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.