No. 2,347.

JOSEFA BORONDA DE ESPINOSA, RESPONDENT, *v.* DURELL S. GREGORY, APPELLANT.

PRACTICE—FORM OF DENIAL IN ANSWER—An answer which commences by stating that the defendant for answer says he denies, etc., is in form of expression unexceptional, and the Court will not call in question the fact of denial.

DEED AS A MORTGAGE—STATUTE OF LIMITATIONS.—Where a deed was executed and delivered as security for a subsisting debt, and it does not appear when the debt thus secured became due, the presumption is that it was due immediately, or upon demand, and if sufficient time has elapsed since the date of the conveyance for the Statute of Limitations to run, the debt is barred.

IDEM.—Where an absolute conveyance is thus given as security, the mortgagor retains the right of redemption only, the legal title being in the mortgagee, and the rights of mortagor and mortgagee are so far mutual, that when the debt is barred, the right to redeem is also barred.

ACTION TO QUIET TITLE—JUDGMENT UPON THE PLEADING.—In an action to quiet title, where the answer admits that the plaintiff is in possession of a portion of the premises sued for, and denies his possession of the remainder, the plaintiff cannot recover judgment upon the pleadings for that portion of the premises not admitted to be in his possession.

APPEAL from the District Court of the Third District, Monterey County.

The facts are stated in the opinion.

*D. S. Gregory*, in *pro. per.*, for Appellant.

*First.*—It is averred in the answer that the whole tract contains six thousand four hundred and fifteen and ninety-six one hundredths acres, and it is denied that plaintiff had in possession more than one thousand acres; and yet the Court, in a bill in equity to quiet title, decrees in favor of the plaintiff for the whole quantity and without hearing testimony. This was clearly error. (*Rico* v. *Spence*, 21 Cal. 504; *Lyle* v. *Rollins*, 25 Id. 437; *Ferris* v. *Irving*, 28 Id. 645; *Reed* v. *Calderwood*, 32 Id. 109.)  In a suit to quiet title to a ranch, it must be considered as brought to quiet title to that portion only of which the plaintiff is in possession, (*Curtis* v. *Sutter* 15 Cal. 254; *Sepulveda* v. *Sepulveda*, 39 Id. 13.) And such possession must be an actual possession—a *possessio fedis*—an actual occupancy and subjection of the land to the will of the plaintiff, to the exclusion of all other persons. (*Sepulveda* v. *Sepulveda, supra.*)

*Second*—Assuming what the motion admits, that the deed of September 7th, 1860, from José Antonio to Carlos Espinosa, was intended and understood by the parties thereto as a security for the debt, and that both the debt and the equity of redemption were barred by the Statute of Limitations; still we say, that the Court was in error in giving judgment for the plaintiff on the pleadings, and would have been wrong even if these facts had been established by proper evidence.

By section 260 of the Practice Act, it is provided that " a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale."

It has been held by this Court continuously from *Pierce* v. *Robinson*, (13 Cal. 17,) decided at the April Term, 1859, down to the present time, " that parol evidence is admissible in equity to show that a deed absolute on its face was intended as a mortgage, and that such evidence is not restricted to cases of fraud, accident or mistake in the creation of the instrument." (*Jackson* v. *Lodge*, 36 Cal. 47.)

And it has further been held, in numerous cases, that "such evidence in this State, under our system of practice is admissible at law as well as in equity." (*Jackson* v. *Lodge*, *supra*; *Johnson* v. *Sherman*, 15 Cal. 291; *Cunningham* v. *Hawkins*, 27 Id. 606; *Hopper* v. *Jones*, 29 Id. 18; *Polhemus* v. *Trainer*, 30 Id. 687; *Sears* v. *Dixon*, 33 Id. 332; *Gay* v. *Hamilton*, Id. 690.)

It has further been decided by this Court, that "in this State it is now well settled by a long and unbroken line of decisions, from *McMillan* v. *Richards*, (9 Cal. 411,) down to the present time, that the mortgagee has no title or estate in the land, but only a security for a debt." (*Jackson* v. *Lodge*, *supra; Naglee* v. *Macey*, 9 Cal. 428; *Haffley* v. *Maier*, 13 Id. 13; *Johnson* v. *Sherman, supra; Goodenow* v. *Ewer*, 16 Cal. 461; *Fogarty* v. *Sawyer*, 17 Id. 589; *Cunningham* v. *Hawkins, supra; Bloodworth* v. *Lake*, 33 Cal. 264;) and "numerous other cases."

And "that in this State no title in reality passes to the grantee, even by a conveyance absolute in form, when the purpose is security."

"Nor can possession under the mortgage affect the nature of the mortgagee interest; it does not abridge or enlarge his interest, or convert what was previously a security into a seizure of freehold." (*Jackson* v. *Lodge, supra.*)

*J. Alexander Yoell*, for Respondent.

*First*—The statute does not require a plaintiff in an action to quiet title, to have the exclusive possession of the land, the title to which he seeks to quiet, and the case of *Sepulveda* v. *Sepulveda* (39 Cal. 13,) does not decide that he must. It only says that a promiscuous roaming of a lot of cattle in common and mixed with those of others, over a tract of land does not constitute such a possession as against co-tenants as will bar their claim, or entitle the plaintiff in that case to maintain that action, a case in no feature analogous to the one at bar. Now, if one tenant in common can maintain ejectment against a person wrongfully in possession of land

in which he has an undivided interest, of course he can maintain an action and have a decree to remove a cloud or cancel a deed affecting that interest.

*Second*—The denials and averments in the answer of defendant herein, couched in the language "*he says,*" are frivolous, and neither deny any allegation of the complaint, or tender any issuable fact as a defence. (*Arthur* v. *Brooks,* 14 Barb. 533; *Blake* v. *Eldred,* 18 How. P. R. 240.)

*Third*—Any action or cause of action, in favor of defendant, or his grantor, was barred by the statute of limitations, long before the deed to Gregory and the commencement of this action. And to prove this latter proposition, it will be observed that no note, or other written obligation, to evidence the debt, from José Antonio to Carlos, was ever executed, and the money became due as soon as loaned, and the statute ran against it from the date of its loaning. Supposing it, then, to have been loaned on the same day that the deed was executed, (September 7th, 1860,) the debt was barred on the 8th of September, 1862. It is not the case of a *mortgage in form,* without a note, but reciting the debt in the body of the instrument, so as to bring it within the four years limitation; and such being the case, the right to redeem was also barred at the same time that the debt itself was barred. (*Arrington* v. *Liscom,* 34 Cal. 368.)

On the authority of the case last cited, it will be seen that the plaintiff's title and undenied adverse possession entitled her to the decree; and for the further reason that, as the deed of September 7th, 1860, vested the plaintiff's testator with the legal title, and as his demise transmitted it to her, she had a right to have anything, which might be a cloud on it, forever removed. (*Dane* v. *Zinego,* not reported; *Hagar* v. *Schindler,* 29 Cal. 49.)

Temple, J., delivered the opinion of the Court:

Judgment was entered in the District Court for the plaintiff on the pleadings. The action is to quiet title, and the complaint, which is verified, is in the usual form. Exception

is taken to the form of the denial in the answer. It commences by stating that the defendant, for answer, says he denies, etc. It is claimed that this is not a denial, but only an assertion on the part of the defendant that he denies. We do not understand that the Court based its decision on this ground. Decisions sustaining this view are found among the earlier cases of New York under the code, and are often quoted as authority here. We take this occasion to overrule those cases as authority in this State. We do not see any point in the argument that, instead of being a denial, it is merely an assertion that he denies. The preliminary statement is intended merely as an introduction, and is equivalent to saying that the defendant for his answer sets up the following defence or defences. First he denies, or admits, or avers, as the case may be; and, in our opinion, the form of expression is entirely unexceptional, and not even open to cavil. If for his defence he says he denies the allegations of the complaint, the Court will not call in question the fact of denial.

The action is brought to quiet plaintiff's title to certain real estate, and the defendant claims an interest in the premises through a deed from José Antonio Espinosa, dated October 16, 1867. The plaintiff derives title to the premises, in part through a deed from the same José Antonio Espinosa, dated September 7, 1860. This deed is upon its face an absolute conveyance, but the answer alleges that it was executed and, delivered for the sole purpose of securing a certain sum of money which was then a subsisting debt due from Espinosa to the grantee named in the deed. In effect, that the deed was intended as a mortgage, and therefore did not convey the title from Espinosa. It does not appear when the debt secured by this conveyance became due, and the presumption would therefore necessarily arise that it was due immediately, or upon demand, and therefore was barred by the Statute of Limitations at the time this action was commenced.

We have held all that the rights of the mortgagor and mortgagee in such cases are mutual, and that when the debt

is barred the right to redeem is also barred, and we held in the case of *Hughes* v. *Davis,* decided at this term of the Court, that the mortgagor in such cases retains a right of redemption only ; the legal title being in the mortgagee. So far as the answer shows, therefore, the title of plaintiff has become absolute.

The answer admits that the plaintiff is in possession of a portion of the premises sued for, and denies her possession as to the remainder. It was incumbent upon her not only to establish her title, but also her possession, as well as the invalidity of the defendant's claim. It was, therefore, error to enter judgment upon the pleadings in her favor as to that portion of the premises not admitted to be in her possession

Judgment reversed and cause remanded.