[No. 5162.]

# PIO PICO v. FELIS GALLARDO AND FRANCISCA A. DE GALLARDO, HIS WIFE, INTERVENOR.

PURCHASE OF LAND WITHOUT NOTICE OF MORTGAGE.—If land is conveyed by a deed absolute in form, as security for the payment of money loaned, a purchaser from the grantee without notice that the grant was intended as a mortgage, acquires a title free from the equity of the grantor.

POSSESSION AS NOTICE OF EQUITY.—The possession of one who has an equitable right to the land is not notice of his equity, but only evidence tending to prove his equity.

EJECTMENT ON DEED INTENDED AS MORTGAGE.—If the plaintiff in ejectment claims under a conveyance absolute in form, but intended as a mortgage to secure a loan of money, he is entitled to recover, unless the defendant, in his answer, sets up his equities, with an offer to pay the amount of the mortgage lien, and prays that the conveyance be decreed a mortgage.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Ejectment to recover two lots in the City of Los Angeles. Felis Gallardo was made sole defendant in the complaint, but his wife, by leave of the Court, intervened, and the two filed a joint answer. The answer set up that on the 8th day of December, 1859, the wife owned the lots as her separate property, and that she then executed to Juan Bernardo a deed of the same, absolute in form, but intended as a mortgage to secure the payment of four hundred and fifty dollars loaned to the husband by the grantee; that, December 26th, 1859, the husband borrowed seven hundred dollars from Jesus Peralta, out of which he paid Bernardo, and to secure the same, Bernardo, at the request of the husband and wife, conveyed the lots to Peralta; that, April 23rd, 1860, Peralta conveyed the lots to E. Drown, who took the conveyance as agent of Tomasa Badilla, and said Tomasa paid Peralta the money for the conveyance, and had full notice that Peralta held the title as mortgagee; that Drown, on the 12th day of May, 1860, conveyed to said Tomasa; that, on the 8th day of August, 1874, Tomasa conveyed to Manuel de Hablar, her son, who also had notice of the facts; that, on the 17th of November, 1874, Hablar conveyed to the plaintiff, who, before he bought, was notified of the facts, and that before Pico

purchased the defendants had taken possession as mortgagors. The answer then contained the following clause: "And defendants now tender into this Court and offer to pay plaintiff the sum of four hundred and fifty dollars, in gold coin of the United States, together with interest thereon from the 10th day of November, 1874, on whatever may be found due on the principal and interest of said loan on account taken." The only prayer was that defendants might be dismissed with their costs.

The Court rendered judgment that the plaintiff take nothing by the action, and that the defendants recover their costs. The plaintiff appealed.

The other facts are stated in the opinion.

*Glassell, Chapman,* and *Smiths,* for the Appellant.

Nothing remained in the defendants but the right of action for redemption. (*Hughes* v. *Davis,* 40 Cal. 120; *Higgins* v. *Higgins,* 46 Ibid. 264.)

Upon the defendants' own theory, therefore, there is still due from them seven hundred dollars, which amount they never tendered or offered to pay; and although such offer is made in their answer, yet in fact they have not paid it, and the judgment does not require them to pay it, but on the contrary, awards costs to defendants.

*V. E.* and *F. H. Howard,* for the Respondents.

The Court finds that the deed of defendants was a mortgage. Once a mortgage, always a mortgage, as between the parties and all subsequent vendees, with notice, which is found in this case. *Hughes* v. *Davis,* and *Higgins* v. *Higgins* do not affect this principle, and have no application to the case. (Hill on Mort. pp. 85–88.) Possession was sufficient notice to Pico.

By the Court, McKINSTRY, J.:

On the 8th day of August, 1874, the legal title to the premises in controversy was in Tomasa Badilla. She deraigned from Jesus Peralta, who acquired his rights under deeds from the

defendant, and his wife, the intervenor, absolute in form, but intended as mortgages to secure the payment of money borrowed by defendant.

On the said 8th day of August, Tomasa Badilla executed a deed of conveyance of the premises, without consideration, to her son, Manuel de Hablar.

Tomasa sold the land and premises to the plaintiff on the 17th ·day of November, 1874, for the sum of two thousand five hundred dollars, which sum the plaintiff paid to said Tomasa, in gold coin; and on the same day, by her direction, the said Hablar executed a sufficient deed of conveyance to plaintiff.

There is no finding that plaintiff had knowledge or notice that the deeds executed by defendant and intervenor, and mentioned in the findings, were intended as mortgages.

The Court below found that at the date of the sale and conveyance to plaintiff, the defendants were in possession of the demanded premises. Such possession was not notice of·the defendants' equity, but only evidence tending to prove notice. (*Fair* v. *Stevenot,* 29 Cal. 486.)

If, however, the District Court had found the fact of notice adversely to the plaintiff, he should have recovered in the action, in the absence of allegations in the answer setting forth the equities of the defendants, with an offer to pay the amount ·of the mortgage lien, and a prayer that the conveyance be de- ·clared a mortgage. (*Hughes* v. *Davis,* 40 Cal. 117.)

Judgment reversed, and cause remanded for a new trial.

Neither Mr. Chief Justice WALLACE nor Mr. Justice RHODES expressed an opinion.