[No. 13005. In Bank. — June 18, 1892.]

HENRY D. P. ALLEN, APPELLANT, v. CHARLES F. ALLEN ET AL., RESPONDENTS.

STATUTE OF LIMITATIONS — CAUSE OF ACTION BARRED IN ANOTHER STATE — PLEADING — CONSTRUCTION OF CODE. — It is not necessary for a defendant who claims that the cause of action is barred by limitation, under section 361 of the Code of Civil Procedure, to set out the facts upon which he relies to show that the cause of action arose in another state, and that under the laws of that state it would be barred by the statute of limitations, but it is sufficient if he states generally that the cause of action is barred by that section. The rule of pleading established by section 458 of the Code of Civil Procedure applies to section 361 of that code.

DEED AS SECURITY FOR LOAN — CONTRACTS MADE OUT OF STATE — CONSTRUCTION — CONFLICT OF LAWS. — In the construction of a deed to land in this state, executed out of the state, as security for the repayment of money advanced, the laws of this state existing at the time the deed was executed must be read as a part thereof, and must govern the right to foreclose and to redeem, although the contract of loan is to be construed according to the laws of the state where it was made.

ID. — REMEDIES UNDER LAWS OF NEW YORK — STATUTE OF LIMITATIONS — ACTION TO REDEEM — LAW OF CALIFORNIA — DEED PASSING TITLE. — Where such deed and contract of security were executed in the state of New York, between residents of that state, either party could have maintained an action in that state on the contract, the one to enforce the right to redeem, and the other to recover the amount for which the land was held as security; and when the action in that state to recover the debt became barred by the laws of that state, no action to redeem from the security could thereafter be maintained in this state, where it appears that, by the law in force in this state at the time of the execution of the deed, the legal title passed to the grantee by the deed, and the right to redeem was barred whenever the debt to secure which the deed was made became barred by the statute of limitations.

ID. — RIGHT OF REDEMPTION — LAW OF CALIFORNIA IN FORCE AT DATE OF DEED — SUBSEQUENT CHANGE OF LAW. — The right of the grantee of the deed of land in this state, intended as security, to redeem therefrom, and the time within which redemption might be made, were fixed by the laws of this state in force at the time of the execution of the deed; and no subsequent legislation could change the rights or obligations of the parties, or extend the time for action, section 346 of the Code of Civil Procedure having been enacted after the execution of the deed, and the

decisions based on that section do not apply in determining the effect of the deed.

ID. — LAWS OF NEW YORK IMMATERIAL — INTEREST IN LAND — LEX LOCI REI SITÆ. — It is immaterial whether by the laws of the state of New York, where the deed of land in this state was executed, an action to redeem the land under the contract for security could be maintained in that state, although an action for the recovery of the money due was barred, since the interest of each party in the land is governed by the *lex loci rei sitæ* in force at the time of the execution of the deed, and the right to redeem is governed by the laws of this state then in force.

ID. — EFFECT OF OVERRULED DECISIONS — DEED PASSING TITLE. — The decisions of the supreme court of this state do not make or change the law, but simply declare what the law is, and overruled decisions declaring that a conveyance absolute in form but intended merely as security did not pass the legal title to the grantee, not having stated the law correctly as declared in later cases, cannot be considered as forming part of a conveyance executed after the making of the earlier decisions, and before they were overruled, and do not furnish the true rule of interpretation thereof.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. N. Gillett, E. W. Wilson,* and *Stanly, Stoney & Hayes,* for Appellant.

The finding of the court upon the plea of the statute of limitations was entirely without any issue presented in the pleadings, and this court cannot consider it, as the defendants never in any form pleaded the laws of the state of New York. They did plead section 361 of our code, but this cannot be considered a pleading of the laws of the state of New York. The statute or law upon which they depended must be set out *in hæc verba,* or else it will not be considered as pleaded. (*Gillett* v. *Hill,* 32 Iowa, 220; *Hoyt* v. *McNeil,* 13 Minn. 390; *Norris* v. *Harris,* 15 Cal. 255.) The plaintiff might have had two causes of action, one upon a personal demand, which might be enforced in the state of New York, and the other by a foreclosure, under the laws of the state of California. A selection of one remedy was a waiver of the other. If the personal demand is barred

under the laws of the state of New York because of a failure to elect that remedy, the defendants may still elect to foreclose their mortgage here, and to which suit the plaintiff could not successfully plead the statutes of limitation. (*Ould* v. *Stoddard*, 54 Cal. 613.) That they could still enforce the remedy upon their mortgage, although the debt be barred, does not now admit of a doubt. (*Henry* v. *Confidence Co.*, 1 Nev. 619; *Mackie* v. *Lansing*, 2 Nev. 302; *Cookes* v. *Culbertson*, 9 Nev. 199; *Mich. Ins. Co.* v. *Brown*, 11 Mich. 265.) It is now a well-settled rule of law, that acts of limitation, unless they expressly discharge the debt, are simply a part of the remedy. (*Carson* v. *Hunter*, 46 Mo. 467; 2 Am. Rep. 520; *Miller* v. *Brenham*, 68 N. Y. 83; *State* v. *Swope*, 7 Ind. 91; *Meek* v. *Meek*, 45 Iowa, 294; *McElmoyle* v. *Cohen*, 13 Pet. 312; *McCormick* v. *Brown*, 36 Cal. 180; 95 Am. Dec. 170; *De Cordova* v. *Galveston*, 4 Tex. 470.) The instrument in this case was and is a mortgage, executed in the state of New York, upon lands situated in the state of California. Under such circumstances, the nature, construction, and validity of the contract is to be governed by *lex loci contractus*, while all matters pertaining to the remedy, or the enforcement of the contract, must be determined by *lex fori*. (*Klinck* v. *Price*, 4 W. Va. 4; 6 Am. Rep. 268; *Swank* v. *Hufnagle*, 111 Ind. 453; *Goddard* v. *Sawyer*, 9 Allen, 78; *United States* v. *Crosby*, 7 Cranch, 115; *Or. & Wash. Tel. Co.* v. *Rathbun*, 5 Saw. 32; 1 Jones on Mortgages, sec. 823; *Farmers' Loan & Trust Co.* v. *Postal Tel. Co.*, 55 Conn. 334; *Burchard* v. *Dunbar*, 82 Ill. 450; 25 Am. Rep. 334.) As the court found that the plaintiff was continuously a resident of New York, and absent from California from 1865 to 1885, and that the defendant was never in California until 1886, the action was not barred, and could be enforced at any time within four years after that period. (Code Civ. Proc., sec. 351; *Graves* v. *Weeks*, 19 Vt. 178; *Petchell* v. *Hopkins*, 19 Iowa, 531; Wood's Cal. Digest, art. 22, sec. 22.) Article 22, section 22, of Wood's California Digest, above cited, is now section 351 of the Code of Civil Procedure. Both provisions declare that

" if when a cause of action accrues against a person he is out of the state, the action may be commenced within the term herein limited [four years] after his return to the state." It is therefore clear that this section saved the plaintiff's cause of action. We are not, however, called upon to look further than the law in force at the time the action was brought, since that law governs the case. (*Winston* v. *McCormick*, 1 Ind. 56; *State* v. *Swope*, 7 Ind. 91; *Sampson* v. *Sampson*, 63 Me. 328.) Again, the mortgage was made and delivered in 1869. At that date the period of limitation was four years. The Code of Civil Procedure went into effect less than four years after the execution and delivery of the mortgage. (Wood's Cal. Digest, art. 17, sec. 17; Code Civ. Proc., sec. 2.) Section 346 was incorporated in the code, and under it the plaintiff has the right to bring his action to redeem from the mortgage at any time, or until the defendants have continuously maintained an adverse possession of the mortgaged premises for five years after breach of some condition of the mortgage. (Code Civ. Proc., sec. 346; *Warder* v. *Ensler*, 73 Cal. 291.) The bar of the statute not then having become complete, the effect of this provision was to extend the plaintiff's right to commence his action for an indefinite time. The equity of redemption was inseparably connected with the mortgage. The right to redeem and to foreclose were coexistent, and the right to redeem could be exercised until the remedy of foreclosure was barred. (*Montgomery* v. *Spect*, 55 Cal. 352; *Taylor* v. *McClain*, 60 Cal. 651.) Even admitting that the plea of the bar was meant to cover the ultimate fact that the action was barred, still it is fatally defective, as it neither alleges that the cause of action arose in New York, nor that the period of time prescribed by that law had elapsed at the commencement of the action. (*Headington* v. *Neff*, 7 Ohio, 229.) The only evidence introduced upon which such finding could have been based was section 91 of the New York Code of Procedure, but the action is governed by section 97, and not by section 91. (*Miner* v. *Beekman*, 50 N. Y. 337; *Hubbell*

v. *Sibley,* 50 N. Y. 468.) As the plaintiff seeks to pay the mortgage, he is entitled to have the cloud removed from his title, independent of the statute of limitations. (*De Cazara* v. *Orena,* 80 Cal. 132; *Hall* v. *Arnot,* 80 Cal. 348.) It was, prior to the execution and delivery of the mortgage in this case, and has since been, the law of this state, that if when a cause of action accrues against a person he is out of the state, the action may be commenced within the term herein limited after his return to the state. (Code Civ. Proc., sec. 351; Wood's Cal. Digest, art. 22, sec. 22.) As the legal title never passed from the plaintiff, and the defendants were never in possession, no laches could be imputed to the plaintiff. (*Williams* v. *Conger,* 49 Tex. 582.) Under section 260 of the old Practice Act, which is now section 744 of the Code of Civil Procedure, our supreme court, by an unbroken line of decisions from April, 1858, down to April, 1870, held that a mortgage, whatever its terms, was a mere security, and conveyed no title to the mortgagee. (*McMillan* v. *Richards,* 9 Cal. 411; *Nagle* v. *Macy,* 9 Cal. 428; *Haffley* v. *Maier,* 13 Cal. 13; *Johnson* v. *Sherman,* 15 Cal. 287; 76 Am. Dec. 481; *Goodenow* v. *Ewer,* 16 Cal. 461; 76 Am. Dec. 540; *Fogarty* v. *Sawyer,* 17 Cal. 589; *Lord* v. *Morris,* 18 Cal. 488; *Dutton* v. *Warschauer,* 21 Cal. 609; 82 Am. Dec. 765; *Grattan* v. *Wiggins,* 23 Cal. 16; *Cunningham* v. *Hawkins,* 27 Cal. 603; *Polhemus* v. *Trainer,* 30 Cal. 687; *Gay* v. *Hamilton,* 33 Cal. 688; *Jackson* v. *Lodge,* 36 Cal. 28; *Mack* v. *Wetzlar,* 39 Cal. 247.) As at the time the mortgage was made in 1869 it had become and was the settled law in this state that no title whatever passed to the mortgagee, no matter what the form or terms of the instrument might be, such law entered into and became a part of the mortgage, although there was no express stipulation to that effect. (Bishop on Contracts, sec. 565, 566; *Brine* v. *Ins. Co.,* 96 U. S. 627; *Edwards* v. *Kearzey,* 96 U. S. 595.) Although after the execution and delivery of this mortgage, in the cases of *Espinosa* v. *Gregory,* 40 Cal. 58, and *Hughes* v. *Davis,* 40 Cal. 117, the supreme court apparently changed the rule

established in its many prior decisions, and thereupon held that an absolute deed intended as a mortgage conveyed the legal title, yet since the rendering of those decisions the court has returned to the doctrine announced in its many earlier decisions, and with them now holds that a deed absolute in form, given merely to secure an indebtedness, is a mortgage, and does not pass the legal title to the premises. (*Taylor* v. *McLain*, 64 Cal. 514; *Healey* v. *O'Brien*, 66 Cal. 517; *Raynor* v. *Drew*, 72 Cal. 307; *Booth* v. *Hoskins*, 75 Cal. 271; *Smith* v. *Smith*, 80 Cal. 323; *Hall* v. *Arnot*, 80 Cal. 348.) The respondents were not only mortgagees, but trustees of the appellant. The legal title had been conveyed to them by John H. Allen, appellant's trustee, and accepted by them with a knowledge of and subject to the trust. It is a principle of equity, that the holder of an equitable title — for example, the beneficiary of a trust — can be divested of his equitable title by adverse possession only. (*Gilbert* v. *Sleeper*, 71 Cal. 290; *Reynolds* v. *Sumner*, 126 Ill. 58; 9 Am. St. Rep. 523; *Love* v. *Watkins*, 40 Cal. 571; 6 Am. Rep. 624; *Coulson* v. *Wallom*, 9 Pet. 81; *Harris* v. *King*, 16 Ark. 122; Wood on Limitations, c. 17, sec. 219; *Vauck* v. *Edwards*, 11 Paige, 291.) The plaintiff was not guilty of laches, as the defendant made no claim to the premises adverse to the plaintiff's right to a conveyance. Mere delay will not defeat a recovery, unless the trustee has repudiated or disavowed the trust, and the disavowal is known to the *cestui que trust.* (*McPherson* v. *Hayward*, 81 Me. 329; *Springer* v. *Springer*, 114 Ill. 550; *Broder* v. *Conklin*, 77 Cal. 330; *Reynolds* v. *Sumner*, 126 Ill. 58; 9 Am. St. Rep. 523; *Thomas* v. *Merry*, 113 Ind. 83.)

*S. M. Buck*, and *J. D. H. Chamberlin*, for Respondents.

The deed from John H. Allen transferred the legal title to the lands in controversy. (*Fuquay* v. *Stickney*, 41 Cal. 583–587; *Partridge* v. *Shepherd*, 71 Cal. 478; *Koch* v. *Briggs*, 14 Cal. 256; 73 Am. Dec. 651; *Grant* v. *Burr*, 54 Cal. 298; *Bateman* v. *Burr*, 57 Cal. 480; *Durkin* v. *Burr*, 60 Cal. 360.) Under the allegations of the com-

plaint, the plaintiff cannot redeem the land, and the court cannot decree that the defendants hold the legal title in trust for the plaintiff. (*Taylor* v. *McLain*, 64 Cal. 513; *De Cazara* v. *Orena*, 80 Cal. 134; *Mondran* v. *Goux*, 51 Cal. 153; *Boone* v. *Chiles*, 10 Pet. 209; *Rathbun* v. *Rathbun*, 6 Barb. 107; *Green* v. *Covillaud*, 10 Cal. 332; 70 Am. Dec. 725; *Morenhout* v. *Barron*, 42 Cal. 605; *Gregory* v. *Nelson*, 41 Cal. 284; *Green* v. *Palmer*, 15 Cal. 411; 76 Am. Dec. 492; *Murdock* v. *Clarke*, 59 Cal. 683–693.) Plaintiff's cause of action is barred by section 361 of the Code of Civil Procedure. The legal title being in defendants, the statute commenced running in 1869. And when defendants' cause of action to recover the money advanced to plaintiff became barred, then any cause of action plaintiff may have had to redeem became barred also. (2 Jones on Mortgages, sec. 1146; *Cunningham* v. *Hawkins*, 24 Cal. 403; 85 Am. Dec. 73; *Grattan* v. *Wiggins*, 23 Cal. 16–35; *Arrington* v. *Liscom*, 34 Cal. 366; 94 Am. Dec. 722; *Koch* v. *Briggs*, 14 Cal. 257; 73 Am. Dec. 651.) And this rule has never been changed in this state, in cases where the title has passed to the mortgagee. (*Taylor* v. *McClain*, 60 Cal. 651.) The effect of section 361 of the Code of Civil Procedure is to permit a defendant who is sued here by one who has not been a citizen of this state, and upon a contract made in another state, to plead the statute of limitations of such state, when more favorable to him than our own. Section 361 of the Code of Civil Procedure is like the statute of Illinois; and that has been so construed. (*Osgood* v. *Artt*, 10 Fed. Rep. 365.) Like statute of New York also. (*Penfield* v. *Chesapeake*, 29 Fed. Rep. 494; 134 U. S. 352.) The laws of this state which existed at the date of the deeds, and which created and defined the legal and equitable obligations of the parties arising out of the loan and the execution of the deeds as security therefor, are to be read as forming part of the contract itself. (Bishop on Contracts, secs. 565, 566; *Bronson* v. *Kinzie*, 1 How. 319.) They were the laws of Illinois at the time, and therefore entered into the contract, and

formed a part of it, without any express stipulation to that effect in the deed, and any subsequent law impairing the rights thus acquired impairs the obligation which the contract imposed. (*Von Hoffman* v. *City*, 4 Wall. 550.) At the time these deeds were executed, being absolute in form, although intended as security only, they transferred the legal title, and there was left in the person executing it a mere equity of redemption. (*Hughes* v. *Davis*, 40 Cal. 117.) And whenever the debt to secure which the deed was made became barred by the statute of limitations, the right to redeem was also barred. (*Espinosa* v. *Gregory*, 40 Cal. 58.) Such a deed conveyed the legal title, subject only to be defeated in equity by the affirmative action of the grantor or mortgagee within the time and in accordance with the principles governing courts of equity. And in a court of equity the right to foreclose and the right to redeem were always regarded as reciprocal, and if one was barred so was the other. (*Cunningham* v. *Hawkins*, 24 Cal. 403; 85 Am. Dec. 73; *Arrington* v. *Liscom*, 34 Cal. 366; 94 Am. Dec. 722; *Koch* v. *Briggs*, 14 Cal. 257; 73 Am. Dec. 651; *Grattan* v. *Wiggins*, 23 Cal. 35; *Espinosa* v. *Gregory*, 40 Cal. 62; *Taylor* v. *McClain*, 60 Cal. 651.) Any law postponing the time within which the plaintiff was obliged to pay in order to preserve his equity impaired the obligation of the contract. (*Louisiana* v. *New Orleans*, 102 U. S. 207; *January* v. *January*, 7 T. B. Mon. 542; 18 Am. Dec. 211; *Goenen* v. *Schroeder*, 8 Minn. 387; *Boice* v. *Boice*, 27 Minn. 371; *Greenfield* v. *Dorris*, 1 Sneed, 548; *Robinson* v. *Howe*, 13 Wis. 341.) The remedy subsisting in a state when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the state which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the constitution, and void. (*Edwards* v. *Kearzey*, 96 U. S. 595, 607.) The laws relating to enforcement of a contract are part thereof. (*Edwards* v. *Kearzey*, 96 U. S. 601; *Robinson* v. *Magee*, 9 Cal. 81, 84; 70 Am. Dec. 638; *Smith* v. *Cleveland*, 17 Wis. 568.) In

this case the legal title to the property vested in defendants. The legislature had no power to divest it and confer it upon plaintiff. (*Helen* v. *Webster*, 85 Ill. 116; *Kœnig* v. *Omaha*, 3 Neb. 383; *Dewey* v. *Lambier*, 7 Cal. 347; *Stafford* v. *Lick*, 7 Cal. 480.) A power to impose conditions after a contract is complete and perfect, is but the power to impair its obligation. (*Robinson* v. *Magee*, 9 Cal. 81, 82; 70 Am. Dec. 638.) An act of the legislature divesting the title of the purchaser of property previously mortgaged by his grantor, by a foreclosure suit in which the mortgagor alone was a party defendant, would not be constitutional. (*Skinner* v. *Buck*, 29 Cal. 253.) The legislature cannot alter or repeal an act so as to affect contracts made during the existence of the act. (*Tuolumne Redemption Co.* v. *Sedgwick*, 15 Cal. 515.) The remedy enters into and forms a material part of the obligation of a contract. (*Walker* v. *Whitehead*, 16 Wall. 314; *Gunn* v. *Barry*, 15 Wall. 610; *Johnson* v. *Higgins*, 3 Met. (Ky.) 566; *Scaine* v. *Belleville*, 39 N. J. L. 526.) And a statute can no more impair the efficacy of a contract by changing the remedy than attack its vitality in any other way. (*Smith* v. *Morse*, 2 Cal. 524; *Johnson* v. *Duncan*, 3 Mart. 531; 6 Am. Dec. 675; *Coffman* v. *Bank*, 40 Miss. 29; 90 Am. Dec. 311; *Curran* v. *Arkansas*, 15 How. 304; *Butz* v. *Muscatine*, 8 Wall. 583; *Walker* v. *Whitehead*, 16 Wall. 314; *Olcott* v. *Supervisors*, 16 Wall. 678; *Gunn* v. *Barry*, 15 Wall. 623; *Edwards* v. *Kearzey*, 96 U. S. 601; *Taylor* v. *Stearns*, 18 Gratt. 244; *Nevitt* v. *Bank*, 14 Miss. 513; *Von Baumbach* v. *Bade*, 9 Wis. 559; *Thompson* v. *Commonwealth*, 81 Pa. St. 314.) The case of *Raynor* v. *Drew*, 72 Cal. 307, and other cases announcing a similar doctrine, based as they are upon contracts made after the code went into effect, cannot be regarded as controlling this case. The settled interpretation of the law by our supreme court in *Hughes* v. *Davis*, 40 Cal. 117, *Espinosa* v. *Gregory*, 40 Cal. 58, *Davenport* v. *Turpin*, 43 Cal. 604, *Pico* v. *Gallardo*, 53 Cal. 206, became a part of the law of this state, as much so as if incorporated into the body of it by the legislature. (*Christy* v. *Pridgeon*, 4 Wall. 196–203; *Union*

*etc.* v. *Bank etc.*, 10 Sup. Ct. Rep. 1017.) And if at the date of the commencement of this action defendants had attempted to foreclose plaintiff's alleged equity of redemption, section 361 of the Code of Civil Procedure would be a complete defense to such action, for in this state there can be no foreclosure of a mortgage after the statute of limitation has run against the debt secured. (*McCarthy* v. *White*, 21 Cal. 495; 82 Am. Dec. 754; *Low* v. *Allen*, 26 Cal. 144.) Defendants being residents of New York, plaintiff might have brought his action against defendants there. (*Kanawha* v. *Kanawha*, 7 Blatch. 415; *Smith* v. *Larrabee*, 58 Me. 361; *Williams* v. *Fitzhugh*, 37 N. Y. 444; *Gardner* v. *Ogden*, 22 N. Y. 327, 328; 78 Am. Dec. 192.) The objection of appellants, that there was no evidence whatever to justify the finding that the action is barred by section 361 of the Code of Civil Procedure, because defendants introduced in evidence the wrong section of the New York Code, is untenable, as, even if it were so, the presumption of law takes the place of evidence; and the presumption is, that the laws of foreign countries are the same as those of this state. (*Tolman* v. *Smith*, 85 Cal. 280; *Marsters* v. *Lash*, 61 Cal. 624; *Osborn* v. *Blackburn*, 78 Wis. 209.)

PATERSON, J. — Appellant received from the state a certificate of purchase for the lands described in the complaint, on March 28, 1860, and in August following assigned the same to one Collins, to secure an indebtedness of thirty dollars, and thereafter a patent was issued from the state to Collins. Appellant paid Collins the amount due him; and the latter, by request of appellant, conveyed the land to John H. Allen, who paid no consideration therefor. Respondents thereafter advanced to the appellant certain sums of money for the payment of taxes which had become delinquent, and to secure the repayment to them of said sums, the appellant, on June 12, 1869, caused said John H. Allen to convey the lands to them as security for the repayment of the money they had advanced. This deed was absolute in

XCV. CAL.—13

form.     John H. Allen received no consideration for the deed.     Neither of the parties has ever been in actual possession of the land.     The contract of loan was oral, and no time was fixed in which appellant was to make repayment.     Plaintiff never made any demand for an accounting, or any offer to redeem, prior to the year 1885, and defendants did not, prior to that time, assert any claim of title to the lands adverse to plaintiff's right to a reconveyance upon payment of the indebtedness. This action was commenced March 15, 1887.     The court below rendered judgment for the defendants.     A motion for a new trial was denied, and plaintiff appealed from the order and from the judgment.

1.     The court below held that plaintiff's cause of action was barred by the provisions of section 361 of the Code of Civil Procedure.     That section provides: "When a cause of action has arisen in another state or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held a cause of action from the time it accrued."     It is claimed by appellant that under that section it was incumbent on the respondents to set out the facts upon which they rely, to show that the cause of action arose in the state of New York, and that under the laws of that state it was barred by the statute of limitations.     A complete answer to this contention is found in section 458 of the Code of Civil Procedure, which provides: "In pleading the statute of limitations, it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section (giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure; and if such allegation be controverted, the party pleading must establish on the trial the facts showing that the cause of action is so barred."     The rule thus established was intended to simplify the form of

pleading such defenses, and is one which the court can-. not depart from on a conjecture that the legislature intended to except from its operation cases of this kind. The contract was made in New York, where all the parties resided, and neither of them was in this state thereafter until the year 1885; and it is claimed by appellant that under sections 346 and 351 of the Code of Civil Procedure, and section 2903 of the Civil Code, the respondents' right to foreclose their mortgage was not barred at the date of the commencement of this action; that appellant remained the equitable owner of the property, and his right to redeem was kept alive. Those sections read as follows: —

"Sec. 346.  An action to redeem a mortgage of real property, with or without an account of rents and profits, may be brought by the mortgagor, or those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for five years after breach of some condition of the mortgage."

"Sec. 351.  If, when the cause of action accrues against a person he is out of the state, the action may be commenced within the term herein limited after his return to the state; and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

"Sec. 2903.  Every person having an interest in property subject to a lien has a right to redeem it from the lien at any time after the claim is due, and before his right of redemption is foreclosed."

In support of this contention, counsel for appellant say, in substance: "Respondents' action to foreclose could have been brought only in this state. The word 'return,' as employed in section 351 of the Code of Civil Procedure, is applicable to persons coming from abroad, as well as to citizens who have left the state for a temporary purpose and returned thereto. The statute had

not commenced to run in 1885, because the respondents had never been in the actual occupancy of the premises. Section 2903 of the Civil Code, and section 346 of the Code of Civil Procedure, provided rules of limitation different from those which had previously been followed by the courts of this state, and those new rules are applicable to mortgages made before as well as those made after the adoption of the codes, unless the remedy was extinguished at the time the codes took effect. Respondents were not only mortgagees, but trustees of appellant; and the statute could not commence to run in their favor until an offer to redeem was made by appellant. There could be no laches on the part of appellant, because the legal title remained in him, and no adverse claim was made by respondents." These contentions cannot be lightly passed over. They deserve to receive, and they have received, our careful attention.

In the solution of the question presented as to the effect of the deed, we must read as a part of the contract the laws of this state existing at the time the contract was made (*Klinck* v. *Price*, 4 W. Va. 4; *United States* v. *Crosby*, 7 Cranch, 115); although the nature and the construction of the contract of loan, which was made in New York, are determined by the latter state. (*De Wolf* v. *Johnson*, 10 Wheat. 367.) It is true, an action to foreclose must be brought where the property is situated; but it does not follow that respondents could have maintained an action to foreclose at the time this suit was commenced. Both parties resided in the state of New York, where the contract was made, and either could have maintained an action there on the contract. The plaintiff could have enforced his right to redeem, and the defendants could have recovered the amount for which they held the land as security. (*Montgomery* v. *Spect*, 55 Cal. 352; *Kanawha Coal Co.* v. *Kanawha & O. Coal Co.*, 7 Blatch. 415; *Gardner* v. *Ogden*, 22 N. Y. 327; 78 Am. Dec. 192; *Williams* v. *Fitzhugh*, 37 N. Y. 444.) In this state, when an action on a promissory note, secured by mortgage of the same date upon real property,

is barred by the statute of limitations, the mortgagee has no remedy upon the mortgage. (*Lord* v. *Morris*, 18 Cal. 482; *Heinlin* v. *Castro*, 22 Cal. 100.) The debt is regarded as the principal, and the mortgage as a mere incident. When the debt is barred, the remedy upon the mortgage is also barred. (*McCarthy* v. *White*, 21 Cal. 495; 82 Am. Dec. 754.) If, therefore, respondents could not maintain an action in New York for the recovery of the money due, they could not maintain an action in this state to foreclose the mortgage. (Code Civ. Proc., sec. 361.) At the time the conveyance was made by John H. Allen to the respondents, a deed absolute in form, but intended as a mortgage in this state, transferred the legal title, and there was left in the person executing it a mere equity of redemption; and whenever the debt to secure which the deed was made became barred by the statute of limitations, the right to redeem was barred. (*Hughes* v. *Davis*, 40 Cal. 117; *Espinosa* v. *Gregory*, 40 Cal. 58.) The right to redeem and the right of the creditor to sue on a contract were reciprocal. When one was lost, the other could not be enforced. (*Cunningham* v. *Hawkins*, 24 Cal. 403; 85 Am. Dec. 73; *Arrington* v. *Liscom*, 34 Cal. 366; 94 Am. Dec. 722; *Grattan* v. *Wiggins*, 23 Cal. 35.) No subsequent legislation could change the rights or obligations of the parties, or extend the time for action. The right and time to redeem were fixed by the laws in force at that time. (*Bronson* v. *Kinzie*, 1 How. 316; *Walker* v. *Whitehead*, 16 Wall. 318; *Heyward* v. *Judd*, 4 Minn. 483; *Phinney* v. *Phinney*, 81 Me. 450; 10 Am. St. Rep. 266.)

Under the decisions just cited, section 346 of the Code of Civil Procedure is inapplicable, because it would effect a material change in the rights and obligations of the parties. (*Phinney* v. *Phinney*, 81 Me. 450; 10 Am. St. Rep. 266; *Heyward* v. *Judd*, 4 Minn. 483.) And for the same reason, *Raynor* v. *Drew*, 72 Cal. 307, and other and later cases declaring the rule stated in that section, are not in point. They are based upon that section of

the code, and it was passed posterior to the time the parties entered into the contract.

It is claimed by the appellant that the finding of the court, "that the cause of action stated in the complaint is barred by the provisions of section 361 of the Code of Civil Procedure," is not supported by the evidence. The defendant introduced in evidence section 91, chapter 3, title 1, of Waite's Annotated Code of Procedure of New York. It is not disputed that this section applies to personal actions, and supports the fourteenth finding of the court, "that by the laws of the state of New York an action upon a verbal agreement for the payment of money is barred within six months after the cause of action accrues thereon, and the right of defendants to maintain any action against plaintiff to recover the said sum of five hundred dollars, as security for which the said deeds from Cox and John H. Allen were executed to them, has been barred by the laws of said state at all times since the twentieth day of November, 1874; and the right of defendants to maintain any action against plaintiff to recover the moneys advanced by them to him, as stated in finding No. 11, has been barred by the laws of said state at all times since September 13, 1877." But it is claimed that as the appellant's cause of action is one to ascertain the amount due upon a mortgage, and that he may be permitted to pay the same and remove a cloud from his title, the section referred to does not apply to the case, but is governed by section 97, which provides that an action for relief not otherwise provided for must be commenced within ten years after the cause of action shall have accrued. As we have seen, however, as soon as the debt is barred the remedy upon the mortgage is lost. Respondents could not have maintained an action in New York for the recovery of the money due. They therefore could not maintain an action in this state to foreclose the mortgage, and the right to redeem was lost; and as the right to redeem and the right to maintain an action on the contract are reciprocal, the fourteenth finding of the court, which is not attacked, is

conclusive against the plaintiff's right to maintain this action. If it be conceded that in New York an action to redeem from a mortgage of lands situated in that state can be maintained, although an action for the recovery of the money due could not be maintained there, the result must be the same, because, as stated before, the effect of this deed depends upon the laws of this state, existing at the time the contract was made. The interest of each party in the land was measured and controlled by the *lex loci rei sitæ.* (*Klink* v. *Price,* 4 W. Va. 4; *United States* v. *Crosby,* 7 Cranch, 115.) The right to redeem is governed by the laws of this state.

It is claimed that at the time the contract was entered into, it was the established rule in this state that a conveyance absolute in form, but intended merely as security, did not pass the legal title to the grantee. It is true, there had been decisions to that effect; but in the year following it was held (*Espinosa* v. *Gregory,* 40 Cal. 58, and *Hughes* v. *Davis,* 40 Cal. 117) that a deed absolute in form, intended as a mortgage, did convey the legal title. These decisions did not change the law; they simply declared what was the law. Every one is conclusively presumed to know the law, although the ablest courts in the land often find great difficulty and labor in finally determining what the law is. The courts cannot make or repeal a law. "They can say what a law means; and if afterwards they see that they have made a mistake, they can correct their error by an overruling of a former decision, the consequence of which overruling is that the blunder is thenceforward deemed never to have been law." (Bishop on Contracts, sec. 569.)

It has been held here, that although it appears the parties have entered into a contract relying upon a previous decision of the supreme court, they would not be relieved from the obligations thereof because of a subsequent decision by the same court, overruling the former one, and declaring a different rule upon the same subject. (*Kenyon* v. *Welty,* 20 Cal. 637; 81 Am. Dec. 137.) There are some cases in which the supreme court of the United

States has held that the construction given to a statute by the highest tribunal in the state, whether sound or not, must be taken as correct, so far as contracts made under the act are concerned, and no subsequent decision altering the construction can impair their validity. The construction becomes a part of the statute, — as much so as if it were an amendment made by the legislature. (*Gelpcke* v. *Dubuque*, 1 Wall. 175; *Louisiana* v. *Pillsbury*, 105 U. S. 294; *Douglass* v. *Pike*, 101 U. S. 677; *Thomson* v. *Lee*, 3 Wall. 327.) These cases, however, all involved the question as to the validity of negotiable securities.

We think that the case of *Oullahan* v. *Sweeney*, 79 Cal. 357, is distinguishable from the case at bar. The amendment therein referred to simply required the purchaser of property sold for delinquent taxes to serve upon the owner of the property a notice stating that the property had been sold for delinquent taxes, the date of the sale, the amount for which it was sold, the amount then due, the time when the right of redemption would expire, and when the purchaser would apply for a deed. This requirement was a mere incident to the right of the purchaser to receive a deed; it merely prescribed the manner in which he should proceed to demand the deed to which he was entitled. It was conceded, " for the purposes of the case, that the legislature cannot make an absolute extension of the time for redemption of property previously sold."

We think the court below held the right view of the case, and the judgment and order are therefore affirmed.

McFarland, J., Harrison, J., Garoutte, J., and De Haven, J., concurred.

Sharpstein, J., concurred in the judgment.

Beatty, C. J., dissenting. — According to the opinion of the court, the plaintiff's action was barred by section 361 of the Code of Civil Procedure, because, and only because, an action by defendants to foreclose would have been barred by said section. I am not satisfied with the

reasoning by which the conclusion is reached, that the defendants were barred of their action to foreclose before this action was commenced; but conceding it to be correct, it does not follow, in my opinion, that the plaintiff's right of action was thereby lost.

. That the right to redeem and the right to foreclose were barred at the same time was undoubtedly the law of this state prior to the codes; but since they were enacted, the right to redeem is unaffected by the extinguishment of the right to foreclose. (Code Civ. Proc., sec. 346; Civ. Code, sec. 2903; *Raynor* v. *Drew*, 72 Cal. 310; *Booth* v. *Hoskins*, 75 Cal. 271; *De Cazara* v. *Orena*, 80 Cal. 134; *Hall* v. *Arnot*, 80 Cal. 354; *Warder* v. *Enslen*, 73 Cal. 291.) In other words, the codes have prescribed another rule for the limitation of actions to redeem from mortgages and other liens. By the old rule, the right to redeem was barred when the right to foreclose was barred; and whether this resulted from the fact that each was covered by the same clause of the statute, or from the equitable doctrine of mutuality of rights and remedies under such contracts, the rule itself had no other effect than to fix a period of limitation to the right to redeem. This rule has been changed, and the period of limitation enlarged by a law passed since the making of the contract here involved, but before the right of action of either of the parties had been lost, and before the commencement of this suit. The question therefore is, which rule applies, — the old or the new.

That these provisions of the codes were intended to apply to all actions commenced after they took effect is to my mind perfectly clear. It is true, the codes are not retroactive (Civ. Code, sec. 3; Code Civ. Proc., sec. 3), and it is also true that vested rights should never be impaired by giving a retroactive effect to a law. But a law enlarging the period of limitations upon existing contracts is not a retroactive law, and it impairs no vested rights. Unless restricted in its operation by its own terms, a new rule of limitations necessarily applies to all actions thereafter commenced, and to all causes of

action not already extinguished by the running of time under the pre-existing rule. This being so, we have only to look to the express provisions of the codes to see how far the new rules by them prescribed are restricted in their operation upon actions commenced after they took effect.

In section 6 of the Civil Code we find the following provision: "No action or proceeding commenced before this code takes effect, and no right accrued, is affected by its provisions." Section 8 of the Code of Civil Procedure contains the same language. The clear implication is, that actions not commenced and rights not vested prior to the adoption of the codes are to be controlled by their provisions.

The more specific provision respecting the application of the new rules of limitation is found in section 362 of the Code of Civil Procedure, and is as follows: "This title does not extend to actions already commenced, nor to cases where the time prescribed in any existing statute for acquiring a right or barring a remedy has fully run, but the laws now in force are applicable to such actions and cases, and are repealed subject to the provisions of that section." Here the implication is equally clear that the new rules apply to all actions not already commenced, and to all cases where the time prescribed by existing statutes for barring the remedy has not fully run. In this case the time had not run, and the action had not been commenced. The conclusion, therefore, cannot be avoided, that the rule of the code applies unless its application would have the effect of changing the contract or impairing its obligation.

The respondents contend and the court holds that such would be its effect. They say that the law of the state of California, as it existed at the date of their deed from John H. Allen, defining the mutual rights and obligations of the parties to the transaction, entered into and became a part of the contract, and that such law gave them, the respondents, an important right which the above-cited provisions of the codes would take away

or materially abridge. If this is true, it must be conceded that the code provisions are inapplicable. But is it true? What are the rights conferred by the law of 1869 which the codes take away or impair? They do not take away or impair the right of a mortgagee to foreclose; they merely enlarge the time within which the mortgagor may redeem, and this is all the respondents have to complain of. By the law of California prior to the codes, they say a mortgage in the form of an absolute conveyance invested the mortgagee with the legal title to the land, leaving in the mortgagor a mere equity of redemption, which was barred and extinguished at the same moment that the debt was barred, thereby creating in the mortgagee a title complete, absolute, and indefeasible, without the necessity of a foreclosure; and therefore, they insist it must be held that this right to obtain a complete title without foreclosure was among the advantages they bargained and paid for, and is a right of which they could not be deprived by subsequent legislation, as they would be if subjected to the code provisions (Code Civ. Proc., sec. 346; Civ. Code, sec. 2903), under the operation of which they could never perfect their title except by foreclosure, or by five years' adverse possession of the mortgaged premises after condition broken.

The completeness of this argument is marred by the fact that it assumes too much for the law of California before the codes. The decisions relied on by respondents do not go to the extent claimed for them. The cases cited are *Hughes* v. *Davis*, 40 Cal. 117; *Espinosa* v. *Gregory*, 40 Cal. 58; *Pico* v. *Gallardo*, 52 Cal. 206, etc. A critical examination of this line of decisions will show that the only case in which a mortgagee by deed absolute could acquire an indefeasible title to the mortgaged estate without foreclosure was when he had possession. This was the case in *Espinosa* v. *Gregory*, 40 Cal. 58. The mortgagee was in possession, the right to foreclose was barred, and it was held that the mortgagor had thereby lost the right to redeem. The mortgagee got the land without foreclosure. But in *Hughes* v. *Davis*,

40 Cal. 117, and *Pico* v. *Gallardo*, 52 Cal. 206, the mortgagors were in possession, and the mortgagees were suing in ejectment after their right to foreclose was barred. It was held that the mortgagees had the legal title to the lands, and that they were entitled to recover possession *in the absence of allegations in the answers setting forth the equities of the defendants, with an offer to pay the amount of the mortgage liens, and prayer that the conveyances be declared mortgages.* In other words, a right of redemption on the usual terms, against the mortgagee out of possession, was distinctly admitted, although the right to foreclose was barred.

Now, what right of these respondents, under the law as declared in the cases referred to, would be taken away or impaired by sustaining plaintiff's action to redeem? They never had possession of the mortgaged premises, and had no right to the possession. If, after their right to foreclose was barred,— if it ever was barred,— they had anticipated the plaintiff in taking possession of the land, their title might thereby have become perfect, under the doctrine of *Espinosa* v. *Gregory*, 40 Cal. 58, but if plaintiff had anticipated them in taking possession, their only remedy would have been to sue in ejectment, in which case he could have set up his equity and effected a redemption according to the doctrine of *Pico* v. *Gallardo*, 52 Cal. 206, upon precisely the same terms that can be imposed in this action. The only difference between this case and the case supposed is that plaintiff, without taking possession and without waiting to be sued, offers the respondents in advance all that he would be compelled to pay in order to redeem if he had taken possession and waited for them to sue. To allow this would surely not be to deprive the respondents of any valuable right.

Enough has been said, I think, to show that respondents never brought themselves within the rule of *Espinosa* v. *Gregory*, 40 Cal. 58, because they never had possession of the land; but if the fact had been otherwise, all the decisions of this court are to the effect that a law

extending plaintiff's right of redemption would be valid.
Take the case of tax sales.   Prior to March, 1885, the pur-
chaser of land sold for delinquent taxes became at once
entitled to a tax deed if the property was not redeemed
before the expiration of the year.   In March, 1885, the
law was so amended as to require the purchaser to give
thirty days' notice to the owner or occupant of the land
of his intention to apply for a deed.   This amendment
to the law was held to apply to sales made before its
adoption.   (*Oullahan* v. *Sweeney*, 79 Cal. 539.)   It is
impossible to distinguish that case from this; and if it
was correctly decided, there can be no doubt of the power
of the legislature to extend the right of a mortgagor to
redeem.   (See also *Moore* v. *Martin*, 38 Cal. 438; *Tuol-
umne Redemption Co.* v. *Sedgwick*, 15 Cal. 515.)

In the briefs of counsel a large number of decisions
are cited from the reports of other states, bearing more or
less directly upon this point, with respect to which it can
only be said that they are so conflicting as to furnish no
ground for reversing our own decision in *Oullahan* v.
*Sweeney*, 79 Cal. 539.

A decision on this point by the supreme court of the
United States would of course be binding authority, as
the immunity asserted arises under the constitution of the
United States; but no such decision has been cited.   What
was said by Judge Taney in *Bronson* v. *Kinsey*, 1 How.
316, has been pronounced *obiter*, and its authority denied
by this court.   (See dissenting opinion of Judge Heyden-
feldt in *Thorne* v. *San Francisco*, 4 Cal. 156, adopted in
*Moore* v. *Martin*, 38 Cal. 438.)   Of the cases cited in the
Department opinion heretofore filed, that of *Phinney* v.
*Phinney*, 81 Me. 450, 10 Am. St. Rep. 266, comes nearer
than any other to sustaining the contention of respond-
ents; but even that might be distinguished, for the law
there held unconstitutional was one by which the equity
of redemption could be *indefinitely extended at the suit of
a stranger to the mortgage.*

Finally, it may be said that if the doctrine under dis-
cussion is to control the decision of this case, it may be

invoked by the appellant with quite as much justice as by respondents. The cases of *Hughes* v. *Davis*, 40 Cal. 117, and *Espinosa* v. *Gregory*, 40 Cal. 58, were not decided until the year following the deed of John H. Allen, and they directly overruled a long line of decisions by this court, holding that a mortgage by deed absolute did not pass the legal title. The construction given to our laws by these decisions was the law itself at the date of that deed, and fixed the rights of the parties so that they could not be changed by a subsequent construction any more than by subsequent legislation. (*Douglas* v. *Pike Co.*, 101 U. S. 687; *Gelpcke* v. *Dubuque*, 1 Wall. 175.)

For these reasons, I conclude that the finding of the superior court that plaintiff's cause of action was barred by section 361 of the Code of Civil Procedure is not sustained by the evidence, and therefore, that a new trial should have been granted, and that the order appealed from and the judgment should be reversed, and the cause remanded for a new trial.