**HALE v. ANGLIM, Collector of Internal Revenue.**

No. 10505.

Circuit Court of Appeals, Ninth Circuit.

Feb. 1, 1944.

L. W. Wrixon, of San Francisco, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Tax Division, Sewall Key, Helen R. Carloss, Arthur Manella, and James P. Garland, Sp. Assts. to the Atty. Gen., and Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the judgment of the District Court denying recovery of personal income taxes payment of which is alleged to have been erroneous.

Appellant is the widow of Prentis Cobb Hale, Sr., who died November 21, 1936. Decedent's will declared that his entire estate consisted of his separate property, and established a trust of specified stocks and other properties, the income from which was to be paid to appellant for life and on her death the corpus distributed to Prentis Cobb Hale, Jr., the son of appellant and decedent. Appellant made claim that, contrary to the declaration of the will, a substantial portion of the estate was community property, to half of which she was entitled by the law of California. Her claim was compromised by an agreement between her and her son, dated June 18, 1937. By that agreement her community property right was recognized and evaluated at $340,000. It was agreed that "in satisfaction of the said one-half interest in the said community property" she should receive outright by decree of partial distribution in the estate certain stocks and real estate designated by the will as part of the corpus of the trust. These properties were severally evaluated by the agreement and amount to $338,672 in all. The agreement released certain other stocks from the trust provision of the will so that they fell into residue, to which the son was entitled under the will. Other securities remained in the trust pursuant to the terms of the will. Separate paragraphs of the agreement provided that dividends received by the estate on stocks distributed to appellant and to her son under the agreement should be credited to appellant and to her son, respectively. The agreement did not evaluate the dividends so to be credited to appellant; in fact they amounted to $6,230.

On July 14, 1937, the probate court by decree of partial distribution distributed to appellant the stocks to which she was entitled under the agreement. On December 22, 1937, a further decree of partial distribution distributed to her all dividends received by the estate on those stocks. Appellant paid personal income tax on the dividends so received by her. She now seeks to recover the amount of that tax upon the ground that the dividends were received by her not as income but as part of the principal amount for which she compromised her community property claim.

In the case of Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, it was held that amounts received in compromise of an asserted claim of heirship would be considered as having been received by inheritance, and so not subject to income tax. We may assume, as appellant contends, that the principle of that case would likewise exempt from income tax amounts received in compromise of her community property claim; but the record does not sustain her contention that she so received the dividends in question. By the death of appellant's husband the community was dissolved, and half of the net community property immediately became the property of appellant. Calif. Prob.Code, § 201; In re Estate of Coffee, 19 Cal.2d 248, 120 P.2d 661; In re Estate of King, 19 Cal.2d 354, 363, 121 P.2d 716. All subsequent income from such property was appellant's income, taxable to her as such. It may be true, as appellant contends, that the estate could use its income to discharge appellant's community property claim; but there is no evidence that that was done here. Every implication of the evidence is that appellant received the dividends as her income, arising from property that was hers from the date of her husband's death.

The preamble of the settlement agreement evaluated at $340,000 appellant's half interest in the community property "at the time of the death of the said Prentis Cobb Hale, Sr." The dividends were not mentioned in paragraph 1, which enumerated and evaluated assets totaling $338,672 to be distributed to appellant "in satisfaction of the said one-half interest in the said community property." Paragraph 8 provided that net dividends received by the estate on stocks enumerated in paragraph 1 should be credited to appellant but the value of such dividends was not stated. The compromise was clearly based on evaluations. For example, one item listed in paragraph 1 was " * * * such number of the shares of Hale Bros. Realty Company, a corporation, as shall equal, at value at which the same shall be appraised in the said inventory and appraisement, the sum of $16,800." It is reasonable to suppose that if the dividends had entered into the consideration for the compromise they would likewise have been evaluated; whereas there was no occasion to evaluate them if the parties were merely recognizing the fact that, whatever they might amount to, appellant was entitled to receive them

because they were income from property which the agreement established was hers at the time they were received.

The value of the dividends added to the value of the property listed in paragraph 1 of the agreement would make a total of $344,902; which would mean that by appellant's theory she was to receive in compromise of her claim $4,902 more than its agreed value while leaving unsatisfied her right against the estate for the income thereof received by the estate from the date of the testator's death. There is no evidence that either result was intended.

Moreover, the decree of the probate court distributed the dividends to appellant "on account of income received by the said executrix and executors," and did not recite, as did the decree distributing the stocks, that it was "in accordance with the provisions of the said agreement."

In short, appellant was entitled to a disputed amount of property and the income thereof. The amount was fixed by agreement, and she was in fact given "in satisfaction of" her right stocks and other property approximately equal thereto, together with the dividends received thereon from the date when her right arose. She received the stocks by a decree that recited that she was receiving them pursuant to the agreement, whereas she received the dividends under a decree which merely referred to them as "income" of the stocks already distributed to her. She paid income tax on the dividends, voluntarily so far as appears. All the parties concerned have uniformly treated these dividends as income to appellant, and the District Court's finding that they were in fact income to her has not been shown to be erroneous.

A second point involved on this appeal concerns dividends received by appellant from the trustee of the testamentary trust. The dividends in question are those which were paid to the estate before the corpus of the trust was distributed to the trustee. They were subsequently paid by the estate to the trustee, and by the trustee to appellant, who was entitled under the will to receive the income of the trust. Appellant accepted the dividends and paid income tax on them, but now seeks refund on the ground that she was not entitled to them, and hence that they were not "properly" paid to her so as to be deductible from the taxable income of the estate and included in her taxable income under § 162 (c) of the Revenue Act of 1936, 26 U.S.C.A. Int. Rev.Acts, page 893.

To dispose of this point it is only necessary to say that the Supreme Court of California in Re Estate of Platt, 21 Cal. 2d 343, 131 P.2d 825, held that a trust beneficiary under the circumstances here presented is entitled to receive the income on the trust corpus from the date of the testator's death. Appellant's suggestion that that decision is not controlling because subsequent to the distribution to her is without merit. The decision rested upon § 160 of the California Probate Code, formerly § 1366 of the Civil Code, enacted in 1872. In California, as elsewhere, court decisions declare but do not make the law. Allen v. Allen, 95 Cal. 184, 199, 30 P. 213, 16 L.R.A. 646. Moreover, the cases on which appellant relies to show that a rule contrary to that of the Platt case prevailed in California at the time the dividends were distributed to her are distinguished by the opinion in that case and could not in any event sustain her contention.

Judgment affirmed.