[No. 15307.   Department One.—June 9, 1894.]

## JACOB BERTZ, RESPONDENT, v. JAMES F. TURNER ET AL., APPELLANTS.

INSOLVENCY—PETITION BY CREDITORS—DISSOLUTION OF ATTACHMENT.— The mere filing of a petition for an adjudication of insolvency by creditors against an alleged insolvent debtor does not dissolve an attachment, and is not ground for the dissolution thereof by the court; and the fact that the creditor who issued the writ of attachment is uniting with other creditors in prosecuting the insolvency proceedings is not ground for such dissolution.

ID.—APPEAL—PREVIOUS MOTION TO DISSOLVE ATTACHMENT.—Where the bill of exceptions upon appeal from an order refusing to dissolve an attachment contains papers which might show that there had been a previous motion to dissolve the attachment on other grounds which had been denied, but it appears that such papers were not read or considered on the hearing of the motion from which the appeal is taken, they cannot be considered upon the appeal.

ID.—JUDICIAL NOTICE OF RECORDS—REFERENCE TO ANOTHER APPEAL BY APPELLANT.—For some purposes the supreme court will take judicial

notice of its own records; but an appellant cannot, by reference to another appeal, have his cause heard on evidence not produced at the hearing in the court below.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to dissolve an attachment.

The facts are stated in the opinion.

*Oliver P. Evans,* for Appellants.

*Alfred Clarke,* for Respondent.

TEMPLE, C.—This appeal is from an order refusing to dissolve an attachment.   In the notice of the motion to dissolve it was stated, "said motion will be made on the ground that plaintiff, Bertz, has united with others to declare Clarke insolvent, and that said Bertz cannot occupy the position of attaching creditor and petitioner in insolvency at the same time in regard to the debt and same debtor.   The motion will be made on the affidavit of Alfred Clarke served and filed herewith."

No other document or evidence was produced at the hearing, except the affidavit referred to.   It states that Bertz brought his action September 26, 1891, and on said day caused an attachment to be issued against the the property of defendant Alfred Clarke.

That October 2, 1891, a petition was filed by C. W. Mott and others to obtain an adjudication of insolvency against Alfred Clarke, and Clarke was ordered to appear and answer said petition.

"That on October 29th the said Jacob Bertz obtained leave to unite, and did unite, his claim which is in suit in this action with said Mott and others in the insolvency proceedings, and said Bertz has ever since participated in said insolvency proceedings."

That thereby the attachment levied was dissolved by operation of law.

This being the only showing the court could not do otherwise than to refuse to dissolve the attachment.   It

does not appear that the writ of attachment has ever been levied, or what Bertz did in the way of participating in the insolvency proceedings, or that there has been an adjudication of insolvency. If the plaintiff had levied an attachment, and thereby obtained security for his debt, he could not prove his debt in the insolvency proceedings, except as provided in section 44 of the Insolvent Act. Whether it would prevent his joining with others in forcing a debtor into insolvency need not now be determined. The mere filing of such petition would not dissolve an attachment.

There was no showing on the hearing of the motion to the effect that the indebtedness due plaintiff was secured, nor that the note on which Clarke was indorser was held only as security for other indebtedness, which was also otherwise secured, nor that there had been a previous motion to dissolve the attachment on other grounds, which motion had been denied. The bill of exceptions contains some papers which might show that such a motion had been previously made, but as it is expressly stated that such papers were not read, or considered, on the hearing of the motion from which this appeal is taken, they cannot be considered here. (*Hyde* v. *Boyle*, 93 Cal. 1.)

Appellant says he has another appeal pending here, and that this court will take judicial notice of its own records. For some purposes the court will do so, but an appellant cannot in that way, nor could he by uniting the two appeals, have his cause heard on evidence not produced at the hearing below.

The order should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order is affirmed.

GAROUTTE, J., VAN FLEET J., HARRISON J.